## Helton, by Next Friend v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided May 11, 1926.)

### Appeal from Pulaski Circuit Court.

1. Master and Servant—Employer is Under Duty to Instruct Youthful Employee, Unacquainted with Methods of Unloading Rails.— Where employee, by reason of youth and inexperience, is unaware of dangers involved in unloading heavy rails, or meaning of calls and methods of doing work, employer is under duty to explain perils incident to employment and to instruct employee how to avoid them.

2. Master and Servant—Whether Warning to Youthful, Inexperienced Employee Handling Rails was Sufficient Held for Jury.—In action for injuries to youthful, inexperienced employee struck by rail thrown close to pile, general warning to all employees to be careful and listen to caller held not sufficient as matter of law to enable employee to avoid danger, where rails which he had previously assisted in placing were thrown to far side of pile, and meaning of calls was not explained to him. but case is for jury on question whether warning was sufficient to enable an ordinarily prudent person of employee's age, experience, and intelligence to appreciate and avoid the danger.

DENTON & PERKINS, for appellant.

WM. WADDLE, MAURICE L. GALVIN and EDWARD COLSTON, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action for personal injuries by Otho Helton, an infant, against the Cincinnati, New Orleans and Texas Pacific Railway Company, the trial court directed the jury to find for the defendant, and plaintiff has appealed.

The record discloses that appellant was a section hand and had been in appellee's employ for about five days. He and others were engaged in unloading rails from a hand car. The rails were 33 feet in length and weighed about 900 pounds. After being carried some distance they were placed in a pile. On the occasion in question appellant was near the center of the rail and when the rail was dropped it struck his knee and injured him severely. It is somewhat difficult to give a brief statement of appellant's evidence, but the following is a fair summary of what he said: The section foreman told appellant to go with him and assist in carrying the rails. Just before he and other employees took hold of the rail the foreman said: "Everybody be careful and listen to the caller," but gave him no instruction as to the meaning of the calls. Prior to that time the rails were thrown to the back side of the pile. The caller said "Throw it by," and appellant understood that to mean to throw it to the back side of the pile. He turned around to throw and the rail dropped on his leg. He admitted that he had helped to unload other rails and had watched his fellow employes while they were unloading. He also admitted that if he and the other employes let go of the rail it would fall, but did not expect that to happen. All that he knew was to throw the rails on the pile. He did not misunderstand what the caller said, but did not understand what the call meant. Appellant's father testified that the work of handling steel rails was dangerous, and a fellow workman testified that the caller hollered, "Steady; throw it close by." That meant to drop the rail.

The argument in support of the peremptory is that the work in which appellant was engaged was simple and easily understood; that he had not only watched his fellow employes throw the rails, but had assisted in the work; that the caller either called "throw it away" or "throw it by" or "throw it close by;" that he could not have worked five days without understanding the meaning of the calls; and that the case is simply one where knowing that the rail would fall he placed his leg in the way and was injured. It must not be overlooked that ap-

pellant was only 17 years of age, and that the status of an inexperienced infant is different from that of an adult. Not only was there positive evidence that the handling of steel rails is dangerous, but the mere fact that the rails weigh 900 pounds each and are handled by several persons who must act in concert makes it apparent that the work is peculiarly dangerous to an employe who does not understand the meaning of the calls and the method of doing the work. Therefore, if, by reason of his youth and inexperience, appellant was unaware of the danger to which he was exposed, it was the duty of appellee to explain to him the perils incident to the employment and to instruct him how to avoid them. 18 R. C. L. 567; Louisville Bagging Mfg Co. v. Dolen, 13 Ky. L. Rep. 493; Peerless Mfg. Co. v. Denham, 15 Ky. L. Rep. 95; Bartley v. Elkhorn Consolidated Coal & Coke Co., 151 Ky. 830, 152 S. W. 955. In view of appellant's evidence that the rails which he had theretofore assisted in placing were thrown to the far side of the pile; that the meaning of the call "throw it by" was not explained to him, and that he understood it to mean "throw it to the back side of the pile," we are not prepared to say as a matter of law that the general warning given to all the employes to be careful and listen to the caller was reasonably sufficient to enable appellant to appreciate and avoid the danger. We are therefore constrained to hold that the case should have gone to the jury on the question whether the warning and instructions were sufficient to enable an ordinarily prudent person of appellant's age, experience and intelligence to appreciate and avoid the danger.

Judgment reversed and cause remanded for a new trial consistent with this opinion.