**Walter WRIGHT, Administrator of the estate of Hubert Ceasar Wright, Deceased, Appellant,**

v.

**Searcy O'NEAL et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 30, 1959.

William G. Reed, Carrollton, for appellant.

Harlan Heilman, Carrollton, for appellees.

SIMS, Judge.

Hubert Wright, a farm boy, was killed on August 6, 1955, before his fifteenth birthday on August 27th of that month, by the overturning of a tractor he was driving while mowing hay on a farm owned by appellees, Searcy and T. W. O'Neal, by whom he was employed. Appellant, Walter Wright, father of the boy, brought this action as administrator to recover $20,000 damages and $989.35 funeral expenses by reason of the alleged negligence of appellees in putting an inexperienced

boy on the tractor without fully acquainting him with the danger of mowing with it. Appellees denied negligence, pleaded contributory negligence upon the part of Hubert and also pleaded his parents were guilty of negligence in permitting Hubert to drive a tractor.

At the conclusion of appellant's evidence, appellees moved for a directed verdict, which motion was held under consideration by the court until appellees introduced all their proof, at which time he directed verdict in favor of appellees. The sole ground relied upon for reversal is that the court should have let the case go to the jury. It is apparent a brief review of the evidence is necessary for a correct determination of the case.

Hubert lacked 21 days of being 15 years of age when he was killed. He had graduated from the eighth grade and resided with his parents, who lived and worked on a farm owned by appellees, known as the Berkshire place. During the summer of 1953 Hubert operated the tractor "a little," all during the summer of 1954 drove it when needed and in 1955 he drove it regularly for about a month in mowing, and even mowed the rights-of-way on the highway, which were both "straight and hilly."

T. W. O'Neal told Hubert on the day he was killed not to mow on the highway as it was election day and might be dangerous, but to take the tractor with mower attached to what was known as the Cox place (owned by appellees), and to cut a field of hay. This field had no ruts or gulleys but contained a hill with a 16% grade, and T. W. instructed Hubert to run the tractor in second gear, not to turn it down hill but to mow up hill and if the blade became clogged with hay, to stop the tractor, dismount and clean the blade by hand.

James Smith, 14 years of age, was riding on the fender of the tractor when the accident happened and appears to have accompanied Hubert as a companion. James was the only eye-witness to the accident and gives this account of it. Hubert was driving in third gear (which caused the tractor to move faster than second gear), the blade clogged and instead of stopping the tractor and cleaning it by hand, he backed up, shook the blade "and turned around down hill and came back up and started mowing again and then turned it down the hill—he turned down the hill and went back up, turned over." James jumped from the fender and only received a bump on his head, but the tractor turned over on Hubert and killed him. James said the tractor was going "pretty fast" at the time it turned over on Hubert, who was "trying to cut a loop to the left."

Mrs. Wright testified her son worked for appellees and she knew it was part of his duties to operate the tractor. Hubert's father likewise testified he knew it was part of his son's duties to operate the tractor "around home," but did not know the boy operated it anywhere else or that appellees ever put him "out on it alone." Floyd Wright, Hubert's uncle, in testifying for appellants said it would be unsafe to operate this tractor in third gear on this hill.

Since KRS 339.210 provides that "gainful occupation" does not include employment in farm work, the Child Labor Law, Chapter 339, has no application here. We have two questions for determination: 1. Is there any evidence upon which the case could have been submitted to the jury as to appellees being negligent in placing this boy just three weeks under 15 years of age upon the tractor to mow this field? 2. Does the evidence show this boy's negligence was the sole cause of the accident?

Appellant argues Hubert was an inexperienced boy and appellees negligently put him in a hazardous place to work without warning him of the danger.

From this record Hubert appears to have been an ordinarily intelligent boy for his age as he had graduated from the eighth grade before he was 15 years of age. He had been driving a tractor for three years, although he drove it "just a little" the first

year. It is customary in farm operations for children in their early teens to cut hay with tractors. There is no conflict in the evidence that Hubert had instructions from his employer just how to operate the tractor on this particular occasion; to drive it in second gear; if the blade clogged, to clean it by hand rather than to try to shake the hay off by backing and raising the blade; to drive the tractor up hill and not to mow down hill.

Hubert had mowed hay alone before this occasion and for about a month before he was killed had even done the difficult job of mowing the rights-of-way on the highway where some rights-of-way were hilly and others level. While one witness, Billy Baldwin, testified he did not think Hubert had sufficient experience to mow in this particular field, yet he merely expressed his opinion which was based on no facts and had very little, if any, probative value. True, the hill had a 16% grade, but there were no gulleys or ditches in it and Hubert was expressly told not to mow down hill and to keep the tractor in second gear.

▮ The record shows this unfortunate accident happened by reason of Hubert's own negligence in not following the specific instructions of his employer and that he had sufficient intelligence and training in tractor driving to carry out the instructions given him. The trial judge properly directed a verdict for appellees at the conclusion of all the evidence. Where an employee has been instructed how to safely do a job, he cannot recover for injuries received at a time he was disobeying such instructions and his injury or death was the result of his own negligence. West Ky. Coal Co. v. Kuykendall's Adm'r, 151 Ky. 384, 151 S.W. 928; Neal's Adm'r v. Louisville & N. R. Co., 215 Ky. 102, 284 S.W. 429.

Appellant relies upon such cases as Chess & Wymond Co. v. Gohagan's Guardianship, 105 S.W. 890, 32 Ky.Law Rep. 372; Parsley v. Horn, 196 Ky. 556, 245 S.W. 140; Helton v. Cincinnati, N. O. & T. P. R.

Co., 214 Ky. 392, 283 S.W. 395. The facts in these cases distinguish them from the one at bar. In the Chess & Wymond case, a 14 year old boy was put to work on a planing machine with revolving knives and given no warning or instructions about keeping his hands away from the knives. In the Parsley case, Horn was inexperienced in mining and was put in a dangerous place without having been given a warning, or instructions. In the Hilton case it was said that a youthful and inexperienced employee put to work unloading heavy rails should have had the perils of his employment explained to him and instructed how to avoid them.

For the reasons given the judgment is affirmed.