## Creekmore, et al. v. Justice & Co.

(Decided February 27, 1913.)

### Appeal from Fayette Circuit Court.

1. Municipal Corporations—Public Improvements—Right of Property Owners to Make Improvements.—Where council of a second class city has ordered, and entered into a contract for, the improvement of a street, a property owner, in the absence of an ordinance authorizing him so to do, has not the right to make, in front of his lot, the improvement ordered.

2. Customs and Usages—Validity—Repugnancy to Statutes.—A custom, repugnant to statute or ordinance, is void.

W. C. G. HOBBS and G. ALLISON HOLLAND, for appellants.

FORMAN & FORMAN, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The general council of the city of Lexington, by ordinance directed the improvement of portions of Columbia avenue in said city under certain plans and specifications "by the construction thereof with macadam and by the construction of curbing and guttering thereon, at the cost of abutting property owners, on the three year installment payment plan." After the passage of this resolution, by ordinance the mayor was directed to advertise for bids for this work. F. T. Justice & Company was the lowest and best bidder for the construction of the curbing and guttering. This fact was reported by the mayor to council, and it, by ordinance, accepted said bid. Thereafter, said Justice & Company executed bond

and commenced work under its contract. About this time, A. W. Creekmore and his wife employed one Joseph Upthegrove to build the curbing and guttering in front of their property, a distance of some 180 feet along Columbia Avenue. Thereupon, Justice and Company filed a suit in which it sought to have Creekmore and wife and Upthegrove enjoined from interfering with it in carrying out its contract with the city. A temporary restraining order was issued, and defendants were given time to have it dissolved. Upon notice, the case was brought before Hon. John D. Carroll, one of the judges of this court, and a motion made to have the injunction, granted by the lower court, dissolved. Upon consideration, this motion was overruled. Defendants thereupon answered, and, in addition to denying the validity of the statute, under which council had ordered this work done, pleaded that, by a custom which had prevailed in Lexington for a great number of years, when street improvements were ordered, the property owners were entitled to make that portion thereof in front of their property. A demurrer to this answer was sustained, with leave to amend. Defendants thereupon, in a more elaborate manner, set up the matters of defense relied upon in their original answer. A demurrer to the answer as amended having been sustained, they declined to plead further, and the injunction was made perpetual. They appeal.

The legislative act, authorizing the ordinance directing this work to be done, is chapter 53 of the Acts of 1910, relative to the government of cities of the second class. The constitutionality of this act was raised in the case of city of Newport v. Silva, 143 Ky., 704, where, in an elaborate opinion, every feature of said act was considered and discussed at length, and the conclusion there reached was that said act was violative of no constitutional provision. For the reasons therein stated, the first proposition, relied upon by counsel for appellants for a reversal, must fail. The act is constitutional, and an examination of the ordinances, copies of which are filed with and made part of the record in this case, shows that they were regularly passed and in conformity with the requirements of said act, and, unless the second proposition relied upon by counsel for reversal, to-wit: That, under a custom prevailing in the city of Lexington, they are entitled to build this curbing and

guttering in front of their property, the judgment must be affirmed.

The answer alleges that, under the prevailing custom in the city of Lexington, "each and every citizen had the right and privilege to construct their own curbing, gutterings and sidewalks, in accordance with plans, specifications and grades furnished by the said city, through its engineers, to the property owner." It is nowhere alleged that any ordinance was ever enacted by the city of Lexington, granting to the citizens in general, or to appellants in particular, the right to make improvements of the character under consideration, in front of their property; but appellants rely solely upon what they term a custom, which had prevailed and been recognized by the city officials for a long period of time. If there was no positive statute covering the subject, there would be much force in this contention, but the legislature having specifically directed how improvements of this character should be made, if any custom had theretofore prevailed, the legislative act superseded the custom; and improvements made or undertaken, after the act became operative, would necessarily have to be done and made in accordance with and under the provisions of the legislative act. As stated in 12 Cyc., 1054, "A custom or usage repugnant to the express provisions of a statute is void, and whenever there is a conflict between a custom or usage and a statutory regulation, the statutory regulation must control." In Dillon on Municipal Corporations, vol. 1, (3rd Ed.) section 92, the author says:

"In England municipal corporations claim and exercise many powers wholly in virtue of long-established usage, or of prescription, which implies a lost charter conferring such powers. * * * * But usage in this country has a much more limited operation. It is the necessary result of the manner in which our municipal corporations are created, viz—by express legislative act, wherein their powers and duties are wholly prescribed— that the powers themselves cannot be added to, enlarged, or diminished by proof of usage."

The same author, in section 93, quotes with approval, from a Massachusetts case, wherein usage was pleaded in defense of a town for appropriation of money for the celebration of the Fourth of July:

"Usage cannot alter the case. An unlawful expendi-

ture of money by a town cannot be rendered valid by usage, however long continued. Abuses of power and violation of right derive no sanction from time or custom.''

In Morrison's Executor v. Hart, 2 Bibb, 4, in holding that custom cannot prevail against a positive law, this court used the following language:

''It may be remarked, that no usage or custom which is disregarded in a court of law, can be respected as a rule of action in a court of chancery.''

In Neal v. Taylor, 9 Bush, 386, where a bank attempted to shelter itself behind a custom in the face of a positive statute, this court said:

''This custom was not of itself a law, and could not prevail against a positive statute.''

In Columbus, &c. Co. v. Tucker, 29 Am. St. Reports, 534, the court said:

''A usage which is not according to law, though universal, cannot be set up to control the law.''

It is apparent from the foregoing, that the custom relied upon by appellants constitutes no defense to the action. There is a section of the statutes, 3098 Kentucky Statutes, which authorizes council to permit property owners to make improvements of this character, but in order to be permitted to do so, they must comply with said section, which is as follows:

''The general council may in its discretion, upon a petition of a majority of the property owners on the part of the public way proposed to be improved, grant them permission to improve said public way under the provisions of and within such time as may be fixed by the board of public works.''

The answer does not allege that a majority of the property owners, affected by the improvement on Columbia avenue, petitioned council to give them the right to make this improvement, and hence they do not bring themselves within the provisions of the only law, under which they could have claimed the right to do the work.

Under the state of the pleading, the trial court properly held that the answer presented no defense.

Judgment affirmed.