## Chesapeake & Ohio Railway Company v. Bagby.

(Decided October 22, 1913).

### Appeal from Carter Circuit Court.

1. Negligence—Destruction of Property Caused by Emitting Sparks from Railroad Engine.—In determining liability for an injury suffered, the fundamental question is, Did the party charged cause the injury? And in determining defendant's liability the burden of showing negligence requires the plaintiff to show that the injury suffered was the direct result of the defendant's negligence.

2. Negligence—Action for—Failure to Make Out Case.—If a plaintiff goes no further than to present evidence showing that the injury may have resulted from one of several causes, and that only one of these causes can be attributed to defendant's negligence, the plaintiff fails to make out a case.

3. Damages—Action Against Railroad Company Caused by Emitting Sparks From Engine—Instructions.—In a suit against a railroad company for damages for setting fire to plaintiff's lumber by sparks from the company's engines, it was necessary for the plaintiff to show facts from which it could be reasonably inferred that the fire was due to the negligence of defendant; and, having failed to do this, the jury should have been peremptorily instructed to find for the defendant.

CALHOUN B. WILHOIT, SHELBY & SHELBY, R. L. NORTHCUTT, H. L. WOODS and WILHOIT & WILHOIT for appellant.

ARMSTRONG & WOLFFORD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This is an appeal from a judgment against the appellant for $200.00, damages for setting fire to and destroying Bagby's lumber which had been stacked within about twenty-five feet of appellant's railroad track.

The gravamen of the action is the alleged carelessness and negligence of the company in the operation of its locomotive engines. The evidence as to the origin of the fire is circumstantial only.

The lumber was stacked upon the south side of the railroad track, which ran eastwardly and westwardly. There was a saw dust pile upon the site of an abandoned saw mill, about 150 feet west of the lumber. A road ran between the saw dust pile and the lumber. There was evidence that this saw dust pile had been afire about a week or ten days before the lumber was burned. although no one had seen it burning during that time.

L. C. Mauk was the only witness who saw the fire. It occurred on a windy April day in 1910. Mauk was in an adjoining field when a freight train passed between eleven and twelve o'clock a. m. According to Mauk, a strong wind was blowing from the northwest, but according to Gilbert, a witness for the appellant, the wind was squarely from the west. Shortly after the freight train passed, Mauk discovered a fire on the north side of the track, immediately opposite the lumber. About noon Mauk heard a passenger train pass, although he did not see it. About two o'clock Mauk first saw the lumber was on fire. In answer to a question whether or not during that month, he had seen any sparks and cinders escaping from the smoke stacks of appellant's engines, Mauk answered that he had not noticed anything of the kind. He did say, however, that on two occasions during the month of April he had known of fires originating along the line and near the place where the lumber was burned, immediately after a train had passed.

Mauk further testified that he had, while walking along the track seen dead cinders that looked like they had come out of a smoke stack, although he did not specify the time, or the place upon the track where he saw them. And, although Mauk saw the grass burning on the north side of the railroad more than two hours before the lumber burned, he evidently did not deem it of sufficient importance or danger to extinguish it.

Porter, a witness for appellant, saw the saw dust pile afire something like four or five days before the lumber was burned.

Over the objection of appellant, Bagby's brother-in-law, Botts, who lived at Silome, a point on the railroad and about five miles from the fire, was permitted to testify that he had seen appellant's locomotives emitting sparks and cinders at Silome during the month of April, and that there had been a fire on Mr. Johnson's place along the railroad at Silome, from sparks and cinders from appellant's engines.

This is the substance of all the testimony upon the subject of the origin of the fire. There was no evidence that any sparks were found in the vicinity of the fire, and no cinders were picked up near the lumber. There was no evidence that the two trains which passed fully two hours before the lumber was burned, emitted sparks, or were, in any way, negligently managed or operated.

Appellant insists that its motion for a peremptory instruction for the jury to find for the defendant should have been sustained, since there was not sufficient evidence to carry the case to the jury.

Appellant further insists there is nothing in the evidence that would indicate that the proximate cause of the burning of the lumber was due to the fault of the appellant; that the case was submitted to the jury upon a mere speculation; and that if we were permitted to enter the field of conjecture, we would find the most rational explanation to be, that the wind carried sparks from the saw dust pile to the weeds, and the fire was from there communicated to the lumber pile.

In determining liability for an injury suffered, the fundamental question is, did the party charged, cause the injury? And, in determining defendant's liability, the burden of showing negligence requires the plaintiff to show that the injury suffered was the direct result of the defendant's negligence. If he goes no further than to present evidence showing that the injury may have resulted from one of several causes, and that only one of these causes can be attributed to defendant's negligence, the plaintiff fails to make out a case.

As was said in L. & N. R. R. Co. v. Wathen, 22 Ky. L. R., 82, 49 S. W., 185, a defendant's right should not be guessed away for one upon whom the burden rests to establish the cause of action against him.

In Hughes v. The Cincinnati, &c., Railroad Co., 91 Ky., 526, we said that where the evidence is equally consistent with any one of two or more states of case upon which one may theorize as to the cause of the accident,

it is not competent for the judge to leave the matter to the jury.

The same doctrine is announced in Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky., 156, and in Hurt v. L. & N. R. R. Co., 116 Ky., 545.

Acting under these primary rules which fix one's liability on the one hand, or excuse him on the other, the rule is that a peremptory instruction ought to be given for the defendant when, after admitting every fact shown by plaintiff's evidence, to be true, as well as all reasonable inferences that can be drawn therefrom, the plaintiff has failed to establish his case. Miller v. Metropolitan Life Ins. Co., 28 Ky. L. R., 225, 89 S. W., 183; Fugate v. City of Somerset, 97 Ky., 48; Southern Ry. Co. v. Goddard, 121 Ky., 577.

Applying this rule to the facts of the case at bar, what is the result? In the first place, the testimony of Botts as to what happened at Silome is incompetent, and should have been excluded.

In C., N. O. & T. P. Ry. Co. v. Sadieville Mfg. Co., 137 Ky., 568, a case quite similar to the case at bar, we said:

"In the case under consideration no one saw any of appellant's trains pass by on the night of the fire; no one testified as to sparks coming from them; nor was there any testimony as to how the trains were managed or operated. There was no testimony that any sparks were found in the vicinity of the fire. No large cinders were picked up near the barn. There is not even testimony to the effect that other fires had been started by appellant's engines near this point shortly before or after the fire. To hold a railroad company responsible in this case would make it responsible in every case for every fire occurring along its right-of-way, just so it was shown that its engines, shortly before and after the fire, emitted large sparks. While the courts have been liberal in authorizing the submission of this class of cases to the jury, upon the ground that fires of this kind frequently occur in the night when no one is present, and it is impossible to make out a case except from the attendant circumstances, they have never gone to the extent of holding that the mere fact that other engines, shortly before and after the fire, emitted large sparks, was sufficient to make out a prima facie case of negligence, in the absence of direct testimony, or some circumstances tending to show that the trains which passed before the

fire, and whose passing would reasonably account for the fire, emitted sparks of fire or were otherwise negligently managed.''

The Sadieville case was a much stronger case for the plaintiff than the one at bar; and, in the Sadieville case we said the plaintiff had no case.

The only testimony as to the origin of the fire in this case is, that a freight train passed between eleven and twelve o'clock in the day time, and afterwards a fire was noticed north of the track. Shortly thereafter a passenger train was heard passing. No effort was made to show that that fire was not burning before the trains passed, nor was there any evidence that the engines started the fire, or that that fire was communicated to plaintiff's lumber. On the contrary, no train had passed within two hours before it was discovered that plaintiff's lumber was on fire. No one saw the last train go by, and there was no testimony whatever that either it or the freight train that preceded it, threw out any sparks. The only testimony as to any sparks was that of Botts, that some train, on some other occasion, had emitted sparks at Silome, five miles away; and even Botts did not claim that the sparks emitted were either unusual in quantity or in size. The testimony of Mauk that he had seen some dead cinders along the track was too indefinite to be entitled to any serious consideration, since dead cinders are to be found along all railroad tracks.

Admitting, as true, every fact shown by appellee's proof, as well as every reasonable inference that could be drawn therefrom, no act of the appellant, either negligent or otherwise, was shown to have caused the burning of appellee's lumber; at best the finding of the jury was a mere conjecture unsupported by the proof.

As was said in L. & N. R. R. Co. v. Hamburg-Bremen Fire Insurance Co., 152 Ky., 514: ''It was necessary for plaintiff to show facts from which it could be reasonably inferred that the fire was due to the negligence of defendant. Having failed to do this, we conclude that the court erred in refusing the defendant a peremptory instruction.''

In our opinion, there was not sufficient evidence to carry the case to the jury, and appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed, and action remanded for a new trial.