## McDonald v. Louisville & Nashville Railroad Company.

(Decided February 4, 1930.)

B. B. GOLDEN and JAMES S. GOLDEN for appellant.

BLACK & OWENS and ASHBY M. WARREN for appellee.

Opinion of the Court by Commissioner Stanley— Reversing.

The appellant, George McDonald, was employed in the yards of the Louisville & Nashville Railroad Company at Corbin as a carpenter car repairer. On the late afternoon of August 21, 1923, he with two companions were directed by their foreman, Cruse, to go with him nearby to move a wheel taken from an engine tender. While as a part of his duty he sometimes assisted in removing wheels or trucks from under cars being repaired, ordinarily the work to which he was called was done by another crew, termed the "bull gang," a sobriquet given because it was composed of extra strong men picked for this heavy labor. The usual method employed in moving the wheels was to use levers of oak, about 2 by 4 inches in size, and with tapered ends for handholds, and it was usually done by four men. Cruse at the time said he could not find enough "sticks," but they would move the wheel with what they had, which were only two of such levers. Though called a wheel, it was in fact two wheels and the axle, with ends protruding about 11 inches, which extensions are called journals, the whole being cast in one piece. It was lying parallel with and between the rails, and the purpose for which appellant was called was to place the wheels on the rails.

Appellant rolled one end around to the edge of the rail, and Cruse caught hold of the lever with him, and the two lifted or rolled it up onto the rail and diagonally across it as the two men on the other end were bringing it around. Cruse suddenly let loose of the lever, and appellant testified that this threw all the weight on or against him; and further said: "I had my stick like this under the end of the wheel, only I wasn't this way, I was lifting with all was in me and Mr. Cruse did help me land it on top of the rail, but as he turned it loose, that threw the weight against me and it was more than I could hold and therefore it knocked the stick off the rail and the wheel came down on the stick and gave me a sudden jar, and right in the back of my neck it seemed as if a gun had fired or something, it cracked real loud and from that I had a kind of dizzy fainting spell and couldn't see, and I said I am hurt and just sit down over against a post."

Elaborating this testimony on cross-examination, the plaintiff testified that Cruse told the men on the other end to "Come on with it," and hollered, "Hold it, Preacher" (a nickname given the appellant), just as he turned loose the lever. The appellant claimed to have suffered serious and permanent injury to his back and to have been ruptured, and supported his testimony by that of several doctors.

At the conclusion of the introduction of evidence in behalf of plaintiff, the court sustained defendant's motion and directed the jury to return a verdict in its favor. The appellant has been granted an appeal in this court and seeks a reversal of the judgment.

The claim for damages is rested on the failure of the company to furnish to plaintiff a reasonably safe place in which to work and with reasonably safe tools with which to do the work, as well as insufficient help and assistance; and it is further alleged that, while he was in line of his duty and in the immediate presence and under the commands and directions of his superior servant, he was required to do the work outlined above; that he did not know of the "defects, failures and dangers" incident to the work, but the defendant and its agents and servants did know of them. By an amended petition, filed at the close of the evidence to conform to the proof, it was alleged that the accident was the result of the gross negligence of the defendant and its agent, Cruse, in suddenly and without warning letting loose of the wheel

as it rested on the rail causing it to be precipitated and to fall suddenly upon him. The allegations were traversed and in addition the company entered pleas of contributory negligence, negligence of fellow servant, and assumed risk.

It may be observed that this suit was not brought under the Federal or the State Employers' Liability Acts (45 USCA secs. 51-59, U. S. Compiled Statutes, secs. 8657-8665, and section 820b-1 et seq., Kentucky Statutes), and, therefore, all the pleas interposed were permissible. L. & N. R. Co. v. Morgan's Adm'r, 225 Ky. 447, 9 S. W. (2d) 212.

The trial court gave the peremptory instruction on the ground that the plaintiff had assumed the risk as an incident to his labors. That doctrine is founded on the implied agreement contained within the contract of employment that the employee assumes the risk of injury ordinarily incident to the work and is contractual. In this, the employee does not contract against the negligence of the employer, which under the Constitution he could not do affirmatively. We cannot, therefore, agree with the learned judge that the rule is altogether applicable, for the plaintiff did not assume the risk incident to any negligence of Cruse. Taking the plaintiff's evidence as true (as must be done in considering the motion), it is shown that the injury was the proximate result of the action on the part of the foreman in suddenly releasing the lever, or perhaps of the plaintiff obeying his orders in the emergency.

Truly, the appellant was presumed and required to know his own physical strength and those things with respect to weight of objects, obvious dangers, and the like which any sensible, ordinary man knows. He could not, however, know or anticipate the sudden action of the foreman in turning loose the lever and casting all the weight on him. He did not have the opportunity of visualizing or appreciating the danger.

This case, it seems to the court, is controlled by the principle enunciated in L. & N. R. Co. v. Clark, 211 Ky. 315, 277 S. W. 273, where it was held to be actionable negligence if a fellow employee before suddenly tilting or raising a heavy trestle, which was to be carried by both men, failed to exercise ordinary care to see that his mate had taken hold of his end of the trestle. The servant was held not to have assumed that risk. It may be said that the fellow servant doctrine did not apply in that

case and does not apply in this case, as we shall presently point out.

Another case of this character is Stewart Dry Goods Co. v. Boone, 175 Ky. 271, 194 S. W. 103, 104, where an employee engaged with three others in moving a piano was injured, according to his evidence, when the foreman of the crew standing nearby and observing that the method being pursued was not the usual and proper one, gave the command "Keep her up, boys," and in obedience to that order the plaintiff and other men retained their positions and proceeded with the work, causing the piano or its weight to be cast on plaintiff. It was argued that the employee assumed the risk, since he alone knew whether the weight was too great for him and whether it was dangerous to proceed, and, with knowledge of those facts, he failed to notify the foreman or the other workmen that the strain was too great. After restating the rule that a servant acting under the direct command of his master or foreman does not assume the risk of injury unless the danger is so obvious and imminent that an ordinarily prudent person in his situation would have refused to encounter it, it was said: "Viewing this case in the light of the fact that the lifting was being done in conjunction with others, and in the light of plaintiff's evidence that the other workmen were pushing the piano, and that he did not have the time or opportunity to appreciate the danger, we conclude that the question whether or not the danger was so obvious and imminent that an ordinarily prudent person in plaintiff's situation would have refused to encounter it was for the jury."

The same principle of assumption of risk is further discussed and applied in C. & O. Ry. Co. v. Laney, 154 Ky. 39, 56 S. W. 875, and C., N. O. & T. P. Ry. Co. v. Gardner, 165 Ky. 48, 176 S. W. 351.

The appellee submits that because the foreman was making a regular hand with the other three men, he was their fellow servant, and that that doctrine must be applied to the case. It is true that for the time being the foreman was lending a helping hand and assisting in moving the wheel, but the appellee's claim loses its force when it is noted that he was yet the boss, then and there issuing orders and directing the operation of the other men. As declared in Buskirk v. Caudill, 182 Ky. 685, 206 S. W. 867: "Under the master and servant rule prevailing in this state an inferior employee is not a fellow servant of a superior employee. . . . Whether an

employee is superior in authority to another depends on whether the other is subject to his directions and control.''

It is manifest that the appellant was at the time subject to the control and dominion of the foreman. Several of the cases herein cited sustain this conclusion. They also declare, however, that, where death does not ensue, to be actionable the superior servant's negligence must have been gross.

The case should have been submitted to the jury on the question whether or not the foreman was grossly negligent in suddenly releasing his hold on the lever and commanding the others engaged in the work to proceed, and that the injury was the proximate result of that action. If the plaintiff had opportunity to know and appreciate the consequent danger and voluntarily subjected himself to that danger with knowledge of the change in conditions, or by the exercise of ordinary care on his part could have known of the change and the danger, then the company could not be held liable.

The judgment is reversed.