## Hanor v. West Kentucky Coal Company.

(Decided November 20, 1931.)

J. M. RAYBURN and L. V. STONE for appellants.

WITHERS & LISMAN for appellee.

Opinion of the Court by Judge Rees—Affirming.

Appellant brought this action to recover damages for injuries sustained by him in appellee's mine. At the conclusion of plaintiff's testimony, the trial court sustained a motion for a peremptory instruction in the defendant's favor, and the plaintiff has appealed.

In his petition he alleged that he was a coal loader in defendant's mine, and that Ellis Bibbs, who was a mule driver employed by the defendant, called on the plaintiff and Stanley Wallace to assist him in replacing his coal car on the rails, which had left the track near the room in which plaintiff was at work; that Bibbs and the plaintiff each got on one side of the car at the end and lifted while Wallace stood at the other end and pushed down in an effort to replace the car on the rails; that, while he was assisting in lifting one end of the car, Bibbs, without any warning and with gross negligence, suddenly released his hold on the car, and allowed the car to fall against the plaintiff, seriously and permanently injuring him.

There was some issue made as to Bibbs' authority to direct the appellant to assist him in replacing the car on the rails, but the evidence satisfactorily establishes that Bibbs had such authority and was appellant's superior in authority at the time the accident occurred. Appellant testified that Bibbs' car left the track, and that Bibbs called on him to assist in replacing the car on the rails; that, while he and Bibbs were lifting one end of the car, and Wallace was at the other end, pressing down, Bibbs dropped it without warning. On cross-examination he testified as follows:

"Q. Ordinarily how many men does it take to put a car like that on the track? A. Three.

"Q. But you and Ellis Bibbs did this? A. Stanley Wallace helped us.

"Q. He was there at that time? A. Yes, sir.

"Q. Did you tell Ellis Bibbs at that time that you were hurt? A. Yes, sir.

"Q. And you told Stanley Wallace at that time you were hurt? A. Yes, sir, I told them both.

"Q. What was Stanley doing at that time? A. He was on the back and bearing down.

"Q. He was bearing down and you and Ellis Bibbs were lifting? A. Yes, sir.

"Q. How came Ellis Bibbs to drop that car? A. I don't know.

"Q. What is your opinion as to why he dropped it? (Objection.)

"The Court: Just tell what happened there as you saw it.

"Q. Why did he drop that car? A. He just turned it loose and dropped it.

"Q. Was it a pretty heavy load on you and him? A. Yes, it was pretty heavy.

"Q. Do you know whether he could carry his part of it or not? A. Yes, he could.

"Q. Do you have any idea why he dropped it? A. No, I don't.

"Q. Do you know whether he stumbled over anything or not when he dropped it? A. No, sir.

"Q. Do you know whether he dropped it purposely or accidently or not? A. No, sir.

"Q. Have you no idea about that at all? A. No, sir.

"Q. You don't know what caused him to drop it? A. No, sir.

"Q. You are sure of that? A. Yes, sir.

"Q. You are positive you have no reason. You don't know why or how he dropped that car? A. No, I don't.

He further testified that he was not looking at Bibbs when the latter released his hold on the car.

The appellee, though eligible, was not operating under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), and therefore the defenses of assumed risk, fellow servant's negligence, and contributory negligence are not available to it. Nevertheless, the burden was on appellant to prove that his injury was caused by appellee's negligence. Faulkner v. Gatliff Coal Co., 228 Ky. 379, 15 S. W. (2d) 236. Appellant's evidence does not disclose how Bibbs came to release his hold on the coal car. There was no evidence that Bibbs purposely released his hold on the car nor that he was negligent in any way. He may have been compelled to release his hold for any one of a number of reasons, none of which would constitute carelessness or negligence on his part. It may have been for some reason wholly beyond his control and which he could not have foreseen or prevented by the exercise of the care required under the circumstances.

Appellant relies upon the case of McDonald v. Louisville & Nashville Railroad Co., 232 Ky. 734, 24 S. W. (2d) 585. There was evidence in that case, however, tending to show that the superior servant was grossly negligent in suddenly releasing his hold on a lever with which he and the injured man were attempting to lift the wheels of a railroad truck onto the rails. The evidence showed that the superior servant released his hold on the lever intentionally and without warning to the man who was assisting him. It was held that under these facts the case should have been submitted to the jury on the question of whether or not the foreman was grossly negligent in suddenly releasing his hold on the lever.

In the instant case, the evidence does not show that Bibbs intentionally released his hold on the car, and appellant's injury may as reasonably be attributed to a cause that would excuse the appellee as to one that would subject it to liability. Where the evidence is such as to leave the cause of the injury complained of and the manner in which the accident resulting in the injury happened in the realm of mere surmise or speculation, the case should not be submitted to the jury. Kentucky Glycerine Co. v. Woodruff Development Co., 233 Ky. 325, 25 S. W. (2d) 736; Gregory's Administratrix v. Director General of Railroads, 195 Ky. 289, 242 S. W. 373; Hines v. Walls, 194 Ky. 379, 239 S. W. 451; Louisville & Nashville Railroad Co. v. Campbell's Administrator, 186 Ky. 628, 217 S. W. 687; Kaufman v. Peter-Burghard Stone Co., 170 Ky. 482, 186 S. W. 125; Louisville & Nashville Railroad Co. v. Stayton's Administrator, 163 Ky. 760, 174 S. W. 1104.

It follows that the trial court properly sustained defendant's motion for a peremptory instruction. The judgment is affirmed.