## Kidd v. Modern Amusement Co., Inc., et al.

(Decided Jan. 19, 1934.)

C. J. WILSON and HUBBARD & HUBBARD for appellant.
CHARLES W. MORRIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Plaintiff, Mrs. Anna Birk Kidd, has appealed from a directed verdict against her. About 2:30 p. m. on November 1, 1931, she trod upon a chrysanthemum blossom which she says was within the entrance of the Kentucky Theater in Louisville, Ky. It slipped, and she was caused to fall and sustained most serious injuries for which she sought to recover $20,000 from the Steiden Stores and the Modern Amusement Company, the owner of the theater.

On the day before, the Steiden Stores had opened a new store at 645 South Fourth street in Louisville. It gave chrysanthemums to their customers, some of whom it is claimed dropped them on the floor so that when this store was swept out about 10 o'clock that evening many of these buds, blossoms, and stems were swept out onto the sidewalk. Mrs. Kidd tried to prove

these buds, blossoms, etc., were by some means carried about 50 feet south of the store onto the sidewalk and into the entrance of the theater and that it was one of these which caused her to fall. She showed there were on November 1st quite a few stems, blossoms, and leaves on the sidewalk. Thus she is attempting by circumstantial evidence to show the blossom upon which she trod is one of those that were swept out of the Steiden store the night before. Her difficulty in doing this is she was unable to produce direct evidence that it came from the Steiden store. If she could do that, then her case would fall within the rule in L. & N. R. Co. v. Mulverhill, 147 Ky. 360, 144 S. W. 83, 85, Ann. Cas. 1913D, 183, wherein it was held:

"If a third party, whether he be an abutting property owner or not, places or maintains in the street obstructions that make it unsafe for public travel, he will be liable for any injuries directly resulting therefrom."

### The Directed Verdict for Steinden Stores.

Of course, it is possible that this blossom may have been one of those swept out of the Steiden store and that it may have been carried by the wind or other means to the point where Mrs. Kidd trod upon it, but it is also possible it did not come from the Steiden store, but from some other source and it may have been thoughtlessly dropped at the place where Mrs. Kidd trod upon it by a patron of the theater or by some one else, or some mischievous person may have thrown it there, for the purpose of having such amusement as might be afforded such a person by seeing some one fall from treading upon it. If Mrs. Kidd has nothing more to support her claim than the possibility that this accident could have happened as she claims it did, then a verdict for her would be rested on a supposition only and supposition has no legitimate support or habitation in judicial administration. L. & N. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S. W. (2d) 257.

It is difficult to point out with exactness just when a case should be submitted to the jury, but Mrs. Kidd has not made out such a case when the only reasoning by which a juror could find for her is:

"The plaintiff has some evidence to show this accident could have occurred as she contends, therefore I guess it did."

Such a verdict would be rested only on a supposition. On the other hand, she would have a case to be submitted if she had enough that a juror could say:

"The plaintiff has such evidence concerning the occurrence of this accident, that its happening cannot reasonably be accounted for otherwise than that it occurred as she contends, therefore I conclude it did happen as she contends."

Such a verdict would be rested on an inference. From the evidence she had, the jury could not infer this accident happened as she contends, it could only suppose it so happened, hence she had not made out a case to be submitted.

"While a material fact may be established by circumstantial evidence, still, to do so, the circumstances must be such as to fairly and reasonably lead to the conclusion sought to be established, and to fairly and reasonably exclude any other hypothesis. Where the evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed to it which accords with its absence. In other words, it can only be established by proof of such circumstances as are irreconcilable with any other theory than that the act was done. As has been said: 'Insufficient evidence is, in the eye of the law, no evidence.' " Lopez v. Campbell, 163 N. Y. 340, 57 N. E. 501, 503.

Conjecture and speculation must not be indulged in. Poll v. Patterson, 178 Ky. 22, 198 S. W. 567; L. & N. R. Co. v. Wathen, 49 S. W. 185, 22 Ky. Law Rep. 82; Ky. Glycerine Co. v. Woodruff Development Co., 233 Ky. 325, 25 S. W. (2d) 736.

"Where the evidence is equally consistent with any one of two or more states of case upon which one may theorize as to the cause of the accident, it is not competent for the judge to leave the matter to the jury." C. & O. Ry. Co. v. Bagby, 155 Ky. 420, 159 S. W. 964, 965.

An interesting discussion of this question may be found in U. S. Law Review, vol. 47, p. 396.

### The Directed Verdict For Theater.

Mrs. Kidd had no evidence this flower had been put there by any of the employees of the theater or that they knew it was there, and had no evidence as to how

long this flower had been there, so if we admit she trod upon it within the entrance of the theater then this taken from L. & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S. W. 31, 34, Ann. Cas. 1916E, 1084, is conclusively against her:

> "Since it has not been shown that any of the appellant's servants knew of the presence of the banana peel upon the steps, or that it had been there such a length of time before the accident happened as would impute notice to them, we are of opinion the peremptory instruction asked by the appellant should have been given."

Nothing herein is to be construed as holding that a blossom such as this one is a thing so inherently dangerous that one dropping such would be charged with notice that harm to another might result therefrom. We are expressing no opinion thereon, but leave that question open. Our holding here is simply this, if it be a dangerous agency, still the plaintiff failed to make out a case.

Judgment affirmed.