# Shephard v. Great Atlantic & Pacific Tea Co.

November 7, 1947.

W. B. Ardery, Judge.

J. C. McKnight for appellant.

Bradley & Bradley for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Katie Shephard instituted this action against the Great Atlantic & Pacific Tea Company to recover damages for injuries received by her when she slipped and fell in an alley adjoining a grocery store operated by appellee in Georgetown, Kentucky. She stepped on a flattened cardboard box which slipped and caused her to fall. After the accident she saw under the box a banana peeling and some lettuce leaves which she assumed had been placed in the alley by an employee of the appellee. At the conclusion of the plaintiff's evidence the court sustained a motion for a peremptory instruction to find for the defendant, and the plaintiff has appealed.

Appellee operates a grocery store in a building lo-

cated on the southwest corner of Main Street and Court Alley. Across the alley from the grocery store is a drugstore, and behind the drugstore is a parking lot. The alley is used by large numbers of pedestrians and automobiles. On the day in question appellant made several purchases at the grocery store and left three packages there until her son, William Shephard, called to take her home. William Shephard arrived in an automobile about 3:30 p. m., drove down the alley and parked the car behind the drugstore. He testified that as he drove down the alley a garbage truck was standing opposite a door opening onto the alley from the grocery store, and he saw an employee of appellee hand something to the garbage collector. The accident happened about thirty minutes after the garbage truck left the alley. It is appellant's theory that the banana peeling was dropped by one of appellee's servants while the garbage was being loaded on the truck. She and her son and a boy who was with them testified that the accident happened on the west side of the alley next to the grocery store, but two witnesses introduced by her, Mrs. Orville Green and Mrs. Charles Green, who were walking up the alley facing appellant, testified that she fell on the east side of the alley next to the drugstore, and that one banana peeling was under the cardboard box but no lettuce leaves. No one saw the banana peeling placed in the alley nor is there any evidence it was not there when the garbage truck arrived, nor is there any evidence that the garbage collector was employed by appellee. The banana peeling may have been dropped from the garbage truck when it stopped or started, or it may have been thrown in the alley by a pedestrian or an occupant of an automobile. It may be conceded that the evidence establishes negligence on the part of someone, but the identity of the negligent party is left in the realm of speculation and uncertainty. In order to sustain a cause of action such as this, the plaintiff must not only prove that the injury was the proximate result of negligence, but he must prove that the negligence was that of the defendant. It is true that negligence, like any other fact, may be proved by circumstantial evidence and that such evidence is sufficient to warrant submission of the case to the jury if it shows that in all reasonable probability the plaintiff's injuries

were the proximate result of the defendant's negligence, but a verdict cannot be made to rest on mere speculation or conjecture. The evidence must present something more than a mere possibility that an accident may have occurred in a particular way or that an injury may have been caused by the negligence of a particular person. Phoenix Amusement Company v. Padgett's Adm'x, 301 Ky. 338, 192 S. W. 2d 105; Conn's Adm'r v. Shields, 297 Ky. 222, 179 S. W. 2d 900; Wigginton's Adm'r v. Louisville Railway Company, 256 Ky. 287, 75 S. W. 2d 1046; Kidd v. Modern Amusement Company, 252 Ky. 386, 67 S. W. 2d 466; Hanor v. West Kentucky Coal Company, 241 Ky. 163, 43 S. W. 2d 689. In Am. Jur., Negligence, section 332, it is said:

"A nonsuit should not be granted as to the whole case if there is any testimony tending to show damage as the result of either negligence or wilfulness. But a recovery cannot be had for an alleged negligent injury, where the evidence leaves it uncertain as to whether the defendant or some unknown party was responsible for the acts of negligence alleged. To establish negligence there should be either direct proof of the facts constituting such negligence, or proof of facts from which negligence may be reasonably presumed. Its existence may not rest in mere conjecture or in the mere possibility that the accident or injury may have occurred in a particular way."

Here, the evidence leaves it uncertain as to whether the defendant or some unknown party was responsible for the acts of negligence alleged. It follows that the court properly directed a verdict for appellee.

The judgment is affirmed.