John D. JONES and T. P. Miller, Jr., DBA
"Miller's Lake", Appellants,

v.

Kenneth J. HINKSON, Appellee.

Court of Appeals of Kentucky.

May 16, 1958.

Clarence McCarroll, Woodward, Bartlett & McCarroll, Owensboro, for appellants.

H. Randolph Kramer, Owensboro, for appellee.

CAMMACK, Judge.

This action to recover damages for personal injuries sustained at a public bathing resort was instituted by the appellee, Kenneth J. Hinkson, the injured party, against the appellants, John D. Jones and T. P. Miller, Jr., operators of Miller's Lake. The appellee claimed $127,000 for permanent injury resulting from a broken leg, pain and suffering, and hospital and medical expenses. This appeal is from a judgment on a verdict assessing damages in the amount of $3,614.50.

The appellants contend that the trial court erred in overruling their motions for a directed verdict and judgment notwithstanding the verdict because (1) the appellee was guilty of contributory negligence as a matter of law, and (2) evidence of negligence on their part was insufficient to sustain the verdict.

Hinkson sustained his injury at Miller's Lake near Owensboro, in June 1955. The 46-year old appellee and his 11-year old daughter were "trotting" along the beach and running into the water. On his first step into the water after lunch the appellee fell and broke his right leg at the knee joint. At the point where Hinkson started to fall, about 2 feet from shore, the water is approximately 6 inches deep, but where he came to rest, some 10 feet out, the depth increases to more than 2 feet.

The appellee said he felt as though he stepped into a hole as he entered the water. According to his testimony his leg was

immobilized and the forward motion of his body snapped the knee joint and hurled him on into the water. Neither he nor any member of his party saw a hole in the lake bottom either before or after he fell. The appellee's theory of the case is that a hole caused by muskrats, a fence post, or a willow root existed in a partially covered condition on the lake bottom. It is argued that the appellee's weight caused the hole to break through only to be filled in with sand when his leg was withdrawn.

The appellants' version of the accident is that the appellee was cavorting wildly on the beach. As he ran into the water at a heedless pace the density of the water tripped him. The broken knee resulted from his failure to observe proper precautions for his own safety rather than from a latent or patent defect in the bottom of the lake. The appellee admitted that he did not inspect the area in any manner, but merely assumed that it was safe for the playful bathing activities in which he was engaged.

The questions for us to determine are (1) whether the appellee proved that the appellants failed to exercise ordinary care for the safety of persons invited on their premises by failing to inspect diligently the bottom of the lake and warn the public of latent hazards; and, if so, (2) whether the appellee's activities were sufficiently normal to allow him to assume they could be carried on safely.

The appellants argue that in order to recover the appellee had to show that there was a hole which caused him to fall, and also that they knew, or by the exercise of reasonable diligence could have discovered, that the hole existed. We believe this argument is well grounded and that there was a failure of proof of negligence on their part. Therefore, the appellants are entitled to a judgment accordingly. It was not shown that a hole in the bottom of the lake existed either before or after Hinkson fell. It was not shown that muskrats, post holes, or willow roots were present on the lakeside area. The possibility that the accident could have occurred as described by the appellee, without some evidence of probative value showing that it did so occur, would not warrant the submission of the case to the jury. A verdict cannot be based upon mere conjecture. The evidence must present more than a mere possibility that an accident may have occurred in a particular way. Shephard v. Great Atlantic & Pacific Tea Co., 305 Ky. 799, 205 S.W. 2d 687. See also 38 Am.Jur., Negligence, section 332.

Since it was not shown that the accident resulted from negligence of the appellants, we do not reach the question of contributory negligence on the part of the appellee.

The judgment is reversed and the case remanded for entry of a judgment in conformity with this opinion.