**KENTUCKY POWER COMPANY, Appellant,**

v.

**Chester HALCOMB et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

Rehearing Denied Jan. 24, 1964.

Willis W. Reeves (Barret & Cooper), Hazard, E. Gaines Davis, Jr., Frankfort, for appellant.

S. E. Duff, S. M. Ward, Hazard, for appellees.

CLAY, Commissioner.

Appellees recovered $4,000 damages for the destruction of their house and personal property as a result of a fire. The basis of the claim was a defective condition of the service wire installed by appellant. The sole contention of appellant is that it was entitled to a directed verdict.

There was substantial evidence the fire started in the area where appellant's wire was attached to the house. There was testimony the service drop had been spliced near the house and that it was so close to the tin roof that the wire rubbed against the sharp edge. One of the plaintiffs stated he had notified defendant about this potentially dangerous condition. A piece of wire 17 inches long, found in the ashes after the fire, was introduced in evidence and an expert testified that one end of it had been subjected to such heat as to indicate a short circuit in the wire. There was proof the tin roof could abrade the wire so as to cause a short circuit.

While appellant insists some of appellees' evidence was incredible, we believe there was sufficient evidence of credible quality to establish a reasonable probability that the fire was caused by a short circuit in appellant's wire resulting from a defective condition of installation or maintenance. It was for the jury to determine the credibility of the evidence and to draw reasonable inferences therefrom.

Appellant relies upon such cases as Kentucky Power Company v. Dillon, Ky., 345 S.W.2d 486. In that case the testimony of plaintiff's witnesses was so contradictory and patently incredible and there was such substantial evidence the fire had originated inside the house that we held the evidence would not support a verdict for the plaintiff. Other cases wherein we have held a directed verdict for the defendant should have been given lacked one or more of the factors which we find present in this case, i. e., (1) an observed potentially dangerous condition existing before the fire; (2) notice to the defendant of such condition; (3) an identification of the source of the fire in the immediate area thereof; (4) credible evidence of a short circuit in the line which could have been caused by the condition. Each case must be resolved in the light of the particular circumstances shown. In our opinion appellees made a sufficient showing to warrant a jury determination of the issue.

The judgment is affirmed.