E. C. KLINGENFUS et al., Appellants,

v.

Willa Bell DUNAWAY, Administratrix of Estate of Jackie Dunaway, Appellee.

Court of Appeals of Kentucky.

May 13, 1966.

---

Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, Thomas F. Manby, LaGrange, for appellants.

M. L. Perkinson, James A. Hall, La-Grange, for appellee.

CULLEN, Commissioner.

Jackie Dunaway, a boy just under the age of 15, was employed by the appellants, E. C. Klingenfus and his son Morgan, as a part-time farm worker for the summer of 1963. On a day in July he was directed to drive a "tricycle-type" farm tractor (one with its two front wheels close together) to the farm of a neighbor about three miles from the Klingenfus farm on a gravel-surfaced road. Some time after Jackie had departed on this mission Morgan Klingenfus set out along the same road, in a truck, to go to the neighbor's farm. Along the road he came upon the tractor, upside down on the edge of the road, with Jackie's dead body beneath it.

Jackie's administrator sued the Klingenfuses for damages for wrongful death, claiming (1) that the defendants were negligent in allowing the boy to drive the tractor without sufficient experience and instruction to be able to handle properly a tractor of this type, and (2) that the front steering mechanism of the tractor was in defective condition. The jury awarded damages of $20,000 and judgment was entered accordingly. Appealing, the Klingenfuses maintain among other things that their motions for a directed verdict and for judgment n. o. v. should have been sustained because of insufficiency of proof that the accident was caused by their alleged negligence. We agree.

No one witnessed the accident. The rear of the tractor (upside down) was in a ditch along the right-hand side of the road in the boy's direction of travel. The front protruded into the road a few feet. The ditch, some 12 inches in depth and concealed by weeds, extended along the right-hand side of the road for a considerable distance. There was evidence that the right rear wheel of the tractor had slid into the ditch at a point 46 feet from the place where the tractor overturned, and that the wheel had run along in the ditch for that distance. There were some "wobbly" marks in the surface of the gravel road, extending a number of feet back from the point where the tractor came to rest. These might have been made by the front wheels of the tractor and if so they would indicate an erratic turning movement of the front wheels.

The appellee argues that the "wobbly" marks justify an inference that the tractor went out of control by reason of the claimed defect in the steering mechanism. We think the marks are no more indicative of a *cause* of the tractor's going out of control than of a *result* of a loss of control from some other cause.

The appellee further argues that there is a reasonable inference that after the right rear wheel slid into the ditch the

boy undertook to get the tractor back on the road and by reason of his inexperience, or the claimed defect in the steering mechanism, or a combination of the two, the tractor overturned. We can agree that the foregoing is a reasonable *possibility* but we do not think there is basis for an inference that the accident *probably* so happened, to the exclusion of other reasonable possibilities. We think there is an equal probability, for example, that when the right rear wheel went into the ditch the tractor tipped to the point of being uncontrollable so that an overturning was practically inevitable.

■ Had there been strong evidence that the tractor was defective or that the boy was substantially lacking in the experience and training required to operate this particular type of tractor, there would be more force in the argument that the probable cause of the accident was those deficiencies. But the evidence of the deficiencies was weak. As concerns the alleged defect in the steering mechanism there was only the fact that an invoice for some bearings purchased by the Klingenfuses the day before the accident bore a part number indicating that the bearings were for a tractor of the model involved in the accident. (There was testimony from a number of witnesses, including the dealer from whom the bearings were purchased, that the bearings were for a different kind of tractor and that the part number on the invoice was erroneous.) Even if the invoice be accepted as evidence that new bearings had been purchased for the tractor involved in the accident, this would do no more than raise a weak inference that the tractor so needed the new bearings as to be in a materially unsafe condition without them. What the appellee asks is that an inference be drawn that new bearings were ordered for this tractor; that another inference be drawn, upon the first one, that the tractor without the new bearings was unsafe; and that a third inference then be drawn that the accident happened by reason of the previously inferred defective condition of the tractor. Such a pyramiding of inferences is not allowable. LeSage v. Pitts, 311 Ky. 155, 223 S.W.2d 347; 31A C.J.S. Evidence § 116, pp. 205, 206, 207.

■ As concerns the claimed inexperience of the boy there was evidence that he had operated this type of tractor only on limited occasions over a three-week period immediately preceding the accident; testimony that the tricycle-type tractor is more easily overturned than the more common four-wheeled type; and testimony (perhaps not competent) that a tricycle-type tractor is "not a safe appliance for a 14-year-old boy to drive on a gravel road with no attachments attached to the rear end." As against this there was evidence that the boy had done some operating of tractors since he was 12 years of age; that he had operated the kind of tractor involved in the accident on a number of occasions, in differing kinds of work, during the three weeks preceding the accident, without incident, and on at least one occasion had driven the tractor on a paved highway. There was no evidence to show in what respects he lacked necessary instructions, training or experience. The testimony that such a tractor was not safe for a 14-year-old boy on a highway, when considered in the light of common knowledge that such tractors are operated on the highways frequently by adults, without trouble, indicates little more than that 14-year-olds tend to lack proper restraint, which in turn suggests that if there is an accident it is due to the boy's carelessness or violation of instructions rather than his lack of ability to handle the tractor properly. Cf. Wright v. O'Neill, Ky., 320 S.W.2d 606. We think the evidence of the boy's lack of experience and training was not of such strength as to raise to a probability the mere possibility suggested by the conditions at the scene of the accident that the accident was caused by the boy's inexperience.

It is our conclusion that this case falls in the class of those where the evidence presents no more than a possibility or a basis for conjecture that the accident was caused by the defendant's negligence; where the evidence is equally consistent with causation from some other source. See Caplinger v. Werner, Ky., 311 S.W.2d 201; Hatcher v. Mullins, Ky., 296 S.W.2d 456; Shephard v. Great Atlantic & Pacific Tea Co., 305 Ky. 799, 205 S.W.2d 687. Accordingly, the trial court should have sustained the defendant's motions for a directed verdict and for judgment n. o. v.

The judgment is reversed with directions to enter judgment for the defendants.