Albert A. **SAVILL** et al., Appellants,

v.

Anna S. **HODGES**, Appellee.

Court of Appeals of Kentucky.

Dec. 11, 1970.

David C. Brown, Stites & McElwain, Louisville, for appellants.

Joseph V. Mobley, Jr., and Robb L. Smith, Louisville, for appellee.

REED, Judge.

The plaintiff, Anna S. Hodges, sued her landlord, Albert A. Savill, and his rental agent for personal injuries which she sustained in a fall in her apartment on the occasion of a fire. She recovered a verdict of $3,000. The defendants appeal asserting various grounds for reversal. We, however, are of the opinion that the plaintiff's evidence was not sufficient to create a submissible jury case. Therefore, we reverse the judgment with directions to enter judgment in favor of the defendants since they made timely motions for directed verdicts and for judgment n. o. v. It will only be necessary to discuss the single issue of whether a submissible case was presented.

Plaintiff was the resident manager of an apartment house which contained approximately 18 efficiency or one-bedroom apartment units. She occupied the largest unit with her adult son, Vernon Hodges. Her first-floor apartment was constructed so that it was entered directly into its living room from the exterior hallway. On one side of the living room was Mrs. Hodges' bedroom and on the other side and through a short hall the kitchen was located. Off the kitchen was a second small bedroom where Vernon Hodges slept and where the fire apparently originated.

On the evening of her accident, Mrs. Hodges retired about 1:00 a. m. Her son went to bed about midnight. At approximately 3:40 a. m. plaintiff awoke and was told by her son that the apartment was on fire. She made her way in the darkness from her bedroom into the living room and at this point fell. She succeeded in leaving the apartment and assisted in the removal of other tenants and their possessions from the building. It appears that she sustained a fractured rib from the fall.

We view the testimony in the light most favorable to the plaintiff. She introduced testimony that the electrical wiring in the apartment building was old and defective and that the defendants knew of its un-

satisfactory condition. Plaintiff and all of her witnesses testified that they did not know the cause of the fire. None of the witnesses for plaintiff ever expressed an opinion either as an expert or lay witness that the cause of this fire was the claimed defective electrical wiring. Plaintiff introduced other evidence to the effect that fuses had to be replaced and that the lights would flicker or blink on frequent occasions, but there was a complete absence of any evidence either direct or circumstantial, by expert opinion evidence or otherwise, that the cause of the fire was related to the defective electrical wiring.

The defendant introduced evidence of arson investigators of the Louisville Fire Department, all of whom testified that from observation they were each of the opinion that the electrical wiring was not the cause of the fire. Each of them testified that in his opinion the fire was not of an electrical origin. Two of them testified that the fire originated in the bedroom of Vernon Hodges and one of them stated that in his opinion the fire originated in Vernon Hodges' bed. To support his opinion, he related that he observed the burn pattern was directly over the bed and the bedsprings were collapsed at one end; according to this witness, this all indicated a smoldering fire which originated in the bed.

Both plaintiff and defendants discuss such cases as Kentucky Power Company v. Allen, Ky., 444 S.W.2d 81 (1969) and Kentucky Power Company v. Halcomb, Ky., 373 S.W.2d 725 (1963). Plaintiff argues that the Allen case deals with a different situation in that the power company's contract with the plaintiff consisted of supplying an *outside* power line to the plaintiff's building, but in the present case the defendants were negligent in the maintenance of an entire *interior* wiring system. The plaintiff urges that the Halcomb case is applicable to the current situation because there we held that when there was a reasonable probability that the fire was

caused by a defective condition in wiring it was for the jury to determine the issue of causation.

Although we agree in principle with the plaintiff's analysis of those cases, we disagree that the evidence here satisfied the plaintiff's burden to produce some evidence from which the jury could permissibly find that the defective condition was the cause of the harm.

In an annotation in 8 A.L.R.3d 974, the problem is considered under the title "Res Ipsa Loquitur—Fires." Cases in which the liability of landlords for fires caused by defective electrical wiring was considered are collected at section 31 of the annotation. A reading of the cases with their varying results concerning the question of whether a jury issue about causation is present illustrates that the problem is basically one of determining the quantum of circumstantial evidence necessary to permit a jury to find causation based on an inference in the instance of a fire of unknown origin.

Prosser in his Handbook of the Law of Torts (3rd Ed. 1964) discusses the general problem of causation at page 245. He says that the plaintiff in this type of case must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the results. A mere possibility of such causation is not enough; and when the matter remains one of speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

In this case, there is evidence of a potentially dangerous condition existing before the fire. There is evidence that the defendants knew of such condition, but there is no evidence that the source of the fire was in the immediate area of the defective condition. There is no evidence even by opinion that *this* fire was caused by the defective condition. There *is* evidence that the defective condition was not the cause of this fire by expert opinion and there *is*

evidence that the source of the fire was unrelated to the electrical wiring. A jury finding that the defective wiring was the cause of this fire would be unsupported by anything other than the sheerest speculation. It would also be contrary to the only evidence introduced in the case concerning either the cause or source of this fire. The defendants were entitled to a directed verdict in their favor. Hence, they were entitled to judgment n. o. v.

The judgment is reversed with directions to enter judgment in favor of the defendants.

All concur.