Dermon KING, d/b/a Dermon King Lumber Company, Appellant,

v.

SOUTH KENTUCKY RURAL ELECTRIC CO-OPERATIVE CORPORATION, Appellee.

Court of Appeals of Kentucky.

June 15, 1973.

As Modified on Denial of Rehearing Oct. 12, 1973.

Larry C. West, James C. Ware, Ware, Bryson, Nolan & West, Covington, Ruben G. Hicks, Whitley City, for appellant.

F. Preston Farmer, Hamm, Taylor, Milby & Farmer, London, Meriel D. Harris, Somerset, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment entered as the result of a directed verdict for appellee.

Appellant instituted action against the appellee, South Kentucky Rural Electric Co-Operative Corporation, for damages re-

sulting from a fire alleged to have originated from defective electrical wires installed by appellee.

Immediately before the discovery of the fire, witnesses noticed a ball of fire or an electric arc on a utility pole approximately thirty feet from the lumber mill. The wires from the pole to the mill were smoking but no eyewitness testified that the fire started at the point where the wires entered the building. When witnesses arrived at the lumber mill a fire was burning inside the mill and also in a shed attached to the mill.

We have authorized recovery for fires alleged to be of electrical origin where (1) there was an observed potentially dangerous condition existing before the fire, (2) notice of such condition was given to defendant, (3) the fire originated in the immediate area thereof, and (4) there was credible evidence of some defect which started the fire. Kentucky Power Co. v. Halcomb, Ky., 373 S.W.2d 725 (1963), and Kentucky Power Co. v. Allen, Ky., 444 S.W.2d 81 (1969).

Appellant relied heavily upon the testimony of an expert who concluded that a leakage of current from wire to wire resulted from overheating of the wires and deterioration of the insulation which caused the arc which the expert thought witnesses had seen at the point where the wires entered the building. This arc in the opinion of the expert caused the fire.

The opinion of the expert witness was elicited in response to a lengthy hypothetical question. One of the facts he was asked to assume was that the wires leading from the transformers to the mill were reported to be 3-naught size.

From other assumed facts, the expert concluded that the wires were actually smaller than 3-naught and this inference on his part was basic to his final conclusion because he admitted on cross examination that if the wire had actually been 3-naught, his conclusion as to the cause of the fire would be different.

A fact assumed in the hypothetical question was that the motors in the planing mill would not operate when the saw mill was running. The expert inferred from this that the voltage was too low and from that inference he inferred that the cause of the low voltage was the use of lead-in wires that were smaller than 3-naught.

Assuming this to be true, he inferred that the wires would overheat and that the insulation would be in a deteriorated condition on wires as old as the ones in use in this case.

Based upon the inference that the insulation had deteriorated, he then inferred that there would be a buildup of the leakage of current between the wires; and based upon that inference, he concluded that there was an arc between the wires at the point of entry into the weatherhead which caused the fire. No witness had testified that an arc occurred at the point where the wires entered the weatherhead, or that the insulation on the wires was deteriorated, or that the wires were smaller than 3-naught size.

The trial court was of the opinion that the evidence was too speculative to permit the case to go to the jury. We agree with the trial court.

The piling of one inference upon another to reach a conclusion has never been permissible. Klingenfus v. Dunaway, Ky., 402 S.W.2d 844 (1966) and Le Sage v. Pitts, 311 Ky. 155, 223 S.W.2d 347 (1949).

In *Le Sage* we said:

"An inference may be drawn from a clearly established fact, but, if the conclusion is drawn upon a fact dependent for proof of its existence upon a prior inference, the evidentiary fact is too remote to support the conclusion. Where, as here, the ultimate inference is based upon an inference which in turn is based upon a prior inference, depending upon an even more remote inference, the conclusion does not rise above

the dignity of mere speculation, because a pyramiding of inferences never has been regarded as sound reasoning and always has been held not to be a permissible predicate for a conclusion. Dossenbach v. Reidhar's Ex'x, 245 Ky. 449, 53 S.W.2d 731 and cases therein cited."

None of the other evidence in the case came close to meeting the tests set forth in Ky. Power Co. v. Halcomb, supra, and Ky. Power Co. v. Allen, supra, to establish that the fire was of electrical origin.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.