354 So.2d 89 (1977)
Joseph A. (Joey) BUCHER, etc., et al., Appellants,
v.
DADE COUNTY and Continental Casualty Company, Appellees.
No. 76-1168.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Rehearing Denied February 6, 1978.
*90 Bartel, Levine & Shuford and Paul J. Levine, Miami, for appellants.
Rentz, McClellan & Haggard and L. Edward McClellan, Jr., Joseph W. Downs III, Miami, for appellees.
Before HUBBART, J., and CHARLES CARROLL (Ret.) and LESTER, M. IGNATIUS, Associate Judges.
HUBBART, Judge.
This is a negligence action involving a beach accident in which summary judgment was entered for the defendant Dade County and its insurer. The plaintiff appeals.
The issue involved in this appeal is whether Dade County has a duty to warn people who use its beaches of the presence of small sandy inclines under the shallow water near the beach, which inclines are constantly filling and changing with the tides. We hold that the county has no such duty and affirm.
On the morning of July 15, 1974, the plaintiff who was a fifteen year old boy went on an outing with members of his high school marching band to Haulover Beach in Dade County, Florida. The beach was owned and operated by Dade County. The plaintiff was in and out of the water on the beach for about 2 1/2 hours all morning. At approximately 11:40 a.m. he returned to the water where he had been playing part of the morning to wash off. As he entered the water, his foot slipped into a small sandy incline causing him to fall head first into the water. He struck his head and fractured his neck resulting in a partial permanent paralysis from the neck down.
The depth of the incline into which the plaintiff slipped in shallow water just off the beach was estimated to be either four to five inches or one foot. The angle of the incline was 45° and was the product of the changing tides which causes various configurations in the sand under the water near the sandy beach. These configurations vary and change with the tides resulting in inclines from two inches to one or two feet in depth existing along the beach at all times.
The plaintiff filed an amended complaint against inter alia Dade County and its insurer Continental Casualty Co. alleging that the county was negligent in failing to warn the plaintiff of the hidden incline in the water by posting proper signs warning of such alleged dangerous condition. Dade County did not defend this case on the theory of sovereign immunity, but denied any negligence in the cause. After extensive discovery which revealed the above facts surrounding the accident, Dade County and its insurer moved for summary judgment. The trial court granted the motion and this appeal follows.
*91 The law is clear that the proprietor of a bathing beach, including a governmental entity not otherwise immune from liability, has a duty to exercise due care for the safety of those invited there and to warn such people of hidden dangerous conditions of which the proprietor has knowledge or of which, through the exercise of reasonable care, he should have knowledge. Such a proprietor, however, is not the insurer of the safety of the beach and must only exercise a duty of reasonable care to those people using the beach. Payne v. City of Clearwater, 155 Fla. 9, 19 So.2d 406 (1946); Ide v. City of St. Cloud, 150 Fla. 806, 8 So.2d 924 (1942).
In the instant case, it is clear that the incline into which the plaintiff slipped is a natural condition of the shoreline which is constantly changing due to the tides. The plaintiff had in fact been playing part of the morning without incident in the area in which he eventually fell. The water was very shallow in that area and the sloping incline was no more than one foot in depth. Under these conditions, we cannot say that this condition was so dangerous that the county should have warned swimmers thereof. Such a danger should be taken as obvious to all those who use the beach. Indeed, this is the first such accident which has ever been reported on Haulover Beach and it could not in any way have been foreseen. See Wamser v. City of St. Petersburg, 339 So.2d 244 (Fla.2d DCA 1976); Jones v. Hinkson, 313 S.W.2d 415 (Ky. Ct. App. 1958).
Affirmed.