COCA COLA BOTTLING COMPANY OF
LOUISVILLE, Appellant,

v.

Elizabeth LOWE et al., Appellees.

Court of Appeals of Kentucky.

Jan. 28, 1955.

A. J. Deindoerfer, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellant.

Charles W. Anderson, Jr., Albert F. Reutlinger, Louisville, for appellees.

PER CURIAM.

Motion for appeal from a judgment of the Jefferson Circuit Court. Elizabeth

Lowe sued the Coca Cola Bottling Co. of Louisville, and Irving and Sarah Schneider, for damages for personal injuries sustained when a Coca Cola advertising sign, hanging on an outside wall of the Schneiders' grocery store, fell and struck her on the head and shoulders. The Schneiders filed a cross-claim against the Coca Cola Company, for indemnity. The court directed a verdict against the Coca Cola Company, but in favor of the Schneiders, on Miss Lowe's claim. The jury awarded damages in the amount of $1,850. The court also directed a verdict against the Coca Cola Company, on the Schneiders' cross-claim for attorney's fees and expenses, in the amount of $419.80. The Coca Cola Company has moved for an appeal.

Under the evidence as to ownership, management, control and maintenance of the sign, we think it would have been proper for the court to have directed a verdict in favor of the plaintiff against both the Coca Cola Company and the Schneiders, under the doctrine of res ipsa loquitur. See Note, Applicability of Res Ipsa Loquitur in Case of Multiple Defendants, 38 A.L.R.2d 905.

If the court had directed a verdict against both defendants, in favor of the plaintiff, it would have been proper to direct a verdict for the Schneiders on their cross-claim for indemnity, because we think the evidence shows that as between the two defendants the Coca Cola Company had and exercised primary responsibility for the maintenance of the sign, and its negligence was primary and active while that of the Schneiders was secondary and passive. See Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165.

Since the court could properly have directed a verdict in favor of the plaintiff as against both the defendants, and then directed a verdict in favor of the Schneiders on their cross-claim for indemnity, the failure of the court to direct a verdict in favor of the plaintiff and against the Schneiders was not prejudicial to the Coca Cola Company. The fact that the Coca Cola Company has been directed to indemnify the Schneiders for their attorneys' fees and costs, without the Schneiders having been found liable to the plaintiff, cannot be complained of because the practical result would have been the same if the Schneiders had been found liable to the plaintiff.

While the damages awarded the plaintiff were liberal, we cannot say they were excessive.

The motion for appeal is overruled and the judgment is affirmed.