**Eugene PHELPS, Appellant,**

v.

**Colyer BROWN, Appellee.**

Court of Appeals of Kentucky.
Nov. 16, 1956.

M. D. Harris, Harris & Adams, Somerset, for appellant.

John Allen, Mt. Vernon, for appellee.

STEWART, Judge.

Appellant, Eugene Phelps, was employed by appellee, Colyer Brown, at the latter's junk yard near Somerset. Phelps was instructed by Brown to start a pickup truck which the latter contemplated selling to a third party. The truck would not start by the conventional means, so Phelps primed the carburetor with gasoline from a small can. A backfire ignited the gasoline and Phelps, seeing no one on the other side of the truck, tossed the flaming can over the hood. The burning contents struck one Lonnie Mincey, as he walked from behind the cab, and severe burns were suffered by him. Mincey had just entered the yard for the purpose of exchanging a used automobile part purchased the previous day.

Mincey brought suit against Brown and Phelps and recovered a judgment against them jointly and severally for $6,000 and the costs. This Court affirmed that judgment. See Brown v. Mincey, Ky., 269 S. W.2d 245. The entire judgment was satisfied by Brown who then brought the present action against Phelps under KRS 412.030, as an alleged joint tort-feasor, for the purpose of recovering contribution. From a judgment awarding Brown $3,-055.29, Phelps appeals.

The first ground urged for reversal by Phelps is that Brown is estopped to maintain this action against him. Phelps testified he desired to make a settlement with Mincey but was dissuaded from doing so by Brown, who told him to take no part in the matter and promised that the bills would be paid and everything would be taken care of. Because of Brown's alleged assurances, Phelps claims he refrained from seeking a settlement with Mincey and from defending the action in his own behalf, and that, as a result of his representations, Brown is now estopped to seek contribution.

Brown and the two attorneys who represented him at the first trial testified that Phelps would have nothing to do with either the preparation of the defense in

the case filed against Brown and Phelps or with the employment of an attorney to resist the demand asserted against them, but that, in spite of Phelps' reluctance to assist them, they defended the case in his behalf as well as Brown's, since they considered their interests inseparable. They said they warned Phelps that any judgment against Brown would also go against him. The latter, according to them, assumed the attitude that the case was "Brown's baby."

 This case was presented to the trial judge, sitting without a jury, and the adjudication was to the effect that estoppel would not lie against Brown. There was sufficient evidence of probative value to sustain this finding and, under the authority of CR 52.01, this finding of fact should not be disturbed.

Phelps next contends the principle of contribution does not apply because Brown's duty toward his business invitee, Mincey, was primary, whereas Phelps' responsibility was only secondary, so that Brown was solely liable for Mincey's damages. We disagree. The careless conduct of Phelps in casting the can and its burning contents onto Mincey was the direct cause of the injury, and Phelps could have been held individually liable as the active wrongdoer for the consequences in the first instance. Brown was held jointly liable in the Mincey suit because he impliedly consented to the acts of his servant which resulted in Mincey's burns. As we view the case, Phelps was primarily liable and Brown secondarily. Since the first action was practiced under the Civil Code of Practice, Brown might have sued in this action to recover on the basis of indemnity the entire sum paid in satisfaction of the judgment and the expenses incurred in defending the original action, and a recovery of these amounts against Phelps might have been upheld under the authority of Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165. However, it is not necessary to pursue this angle of the case to any further extent, since indemnity was not sought in the pleadings before us. Certainly, under the evidence, this action for contribution lies in behalf of Brown within the purview of KRS 412.030.

Wherefore, the judgment is affirmed.