**CANTRILL CONSTRUCTION COMPANY, Appellant,**

**v.**

**Cecil GANN et al., Appellees.**

**Tip HINKLE, Appellant,**

**v.**

**BROWN WOOD PRESERVING COMPANY and Cecil Gann et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

Rehearing Denied Oct. 25, 1968.

Cole & Cole, Barbourville, for appellant Cantrill Construction Co.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, Lohren F. Martin, Sutton, Martin & Forcht, Corbin, for appellees Cecil Gann, and others, and Brown Wood Preserving Co.

Carlos Pope, Barbourville, for appellant Tip Hinkle.

CULLEN, Commissioner.

Cantrill Construction Company had a contract for resurfacing with blacktop a portion of U. S. Highway No. 25E extending from Corbin toward Barbourville. By July 18, 1963, it had substantially completed the work except for a short piece close to Corbin. On that day a tractor-trailer unit owned by Brown Wood Preserving Company and driven by Cecil Gann, while being operated over the highway in the direction of Barbourville, at a point around six miles from .Corbin went out of control and into the ditch on the left side of the highway. Gann said that he was forced to pull to the right by an oncoming car which was partly on his side of the road; the right wheels of his unit went off the pavement onto the shoulder, which was some ten inches below the level of the pavement; he continued along the shoulder for a short distance and then the truck went out of control in the process of entering back on the pavement at a point where the shoulder still was some ten inches below the level of the pavement. When the truck hit the ditch the load of telephone poles which the truck was carrying shifted forward and pinned Gann against the dash, causing him serious injuries. A motorist named Tip Hinkle stopped to render aid and in the process of lifting the poles injured his back.

Gann sued Cantrill Construction Company for personal injuries and Brown Wood Preserving Company sued Cantrill for damage to its truck. Hinkle separately sued Gann, Brown Wood and Cantrill for his personal injuries. The cases were consolidated for trial and were tried without a jury. Gann was awarded $16,412.94 and Brown Wood was awarded $6,785.00, against Cantrill. Hinkle was awarded $14,659.28, against Cantrill only.

Cantrill has appealed the judgments against it, seeking escape from liability, and Hinkle has appealed the judgment in his favor, seeking to recover more damages and to impose liability on Gann and Brown Wood jointly with Cantrill. We shall first consider Cantrill's appeal.

Cantrill, under its contract with the State Highway Department, had no duties with respect to *construction of the shoulders;* its obligation was to resurface the pavement. Accordingly, liability was not asserted against it in this litigation on a the-

ory of negligence in *construction*, but on the theory of negligence in failing to give adequate notice or warning of the danger existing from the fact that the pavement had been built up to a considerable height above the shoulders at a number of places. Cantrill admits that it had a duty to give notice, and does not successfully dispute the fact that it did not put up delineators and other warning markers along the edges of the pavement strictly as called for by the specifications of its contract; however, Cantrill contends that it did put up adequate warning signs and any lack of additional warnings could not have been a cause of Gann's accident.

■ The evidence is undisputed that at the edge of Corbin, at the point where the highway left the city toward Barbourville, there was a large sign stating that the road was under construction. Also, we think the evidence established conclusively that there was another sign at about the same point, bearing the legend "No Shoulders." A disinterested witness, offered by the plaintiffs, stated positively that such sign was there and the negative testimony of other (interested) witnesses that they did not *see* the sign was not enough to overcome the positive proof. See Reed v. Flynn, 205 Ky. 783, 266 S.W. 644.

Gann testified that he saw the "Road Under Construction" sign; he observed that the road was under construction and that this construction project continued over the entire distance he traveled from Corbin; and he observed that the shoulders at a number of places were "3 or 4 inches" below the surface of the pavement. He was driving a tractor-trailer unit loaded with 51 poles the longest of which were 45 feet; the overall length of the truck, poles and all, was 60 feet. Gann testified that his speed was around 35 miles per hour. The accident occurred early in the afternoon on a clear, dry, July day.

From the foregoing summary we select these facts as significant: There was a sign warning that the highway was under construction, and Gann not only saw that sign but observed and realized from driving on the highway that it was under construction for the entire distance over which he traveled. There was another sign at the same point bearing the legend "No shoulders". While Gann said he did not see any such sign there appears no reason why he should not have seen it. Its warning of "No shoulders" clearly meant that the existence of shoulders was not to be relied upon; that the motorist could expect the absence of shoulders to furnish a safe driving area in case of leaving the pavement. Even if this sign should be considered inadequate, the fact is that Gann observed that the shoulders were low (to the extent at least of 3 or 4 inches) at various places, and he testified that at the point when he left the highway there was nothing to prevent him from seeing the dropoff "If I had been looking for it." While there is an inference from Gann's testimony that he thought a dropoff of only 3 or 4 inches presented no hazard, the soundness of his thinking is questionable in view of the fact that the load he was carrying, under a special permit, exceeded standard weight and length limits.

■ The issue seems to narrow down to whether the failure of Cantrill to give specific warning of the places where the shoulders were exceptionally low, by placing delineators or markers at those places, was a proximate cause of Gann's accident. It seems clear that the presence of delineators or markers at the place where Gann left the pavement would not have prevented his leaving it, because according to his testimony he was forced to leave the road to avoid an oncoming car. There remains, then, only the proposition that had there been specific markings of the exceptionally low places Gann might have been impressed that the condition of the shoulders presented a very serious hazard so as to cause him to reduce his cruising speed to such an extent that if he were forced off the pavement he could bring his truck to a stop forthwith. Our reaction is that if the existence of the sign warning that the road

was under construction, and of the sign announcing that there were no shoulders, and the existence of Gann's realization that the shoulders were below the level of the pavement to an extent of 3 or 4 inches observed by him and to a greater extent that he could have observed "If I had been looking for it," were not enough to induce Gann to reduce the speed of his heavily loaded truck below 35 miles per hour, it could not reasonably be concluded that the presence of specific markers would have so induced him.

It is our conclusion that the lack of specific markings was not a causative factor in the accident, because it did not cause Gann to leave the pavement nor did it affect his previous course of action in such a way as to reduce his chances to avoid a wreck from being forced off the pavement. Accordingly, there is no basis for a recovery by Gann and Brown Wood against Cantrill.

■ Hinkle's right to recover against Cantrill is dependent upon a finding that Cantrill negligently exposed Gann to peril. See Taylor Coal Company v. Porter's Adm'r, 164 Ky. 523, 175 S.W. 1014; 38 Am.Jur., Negligence, sec. 80, p. 738. Since we hold that such a finding was not warranted, the basis for Hinkle's recovery against Cantrill fails also.

■ There remains for consideration Hinkle's appeal, on which he asserts that he should have been awarded recovery against Gann and Brown Wood. We need not consider the troublesome question of whether a person who is injured in attempting to rescue a person from a peril the latter has created by *his own negligence* can recover from that person. Cf. 65 C.J.S. Negligence § 63 (143), p. 930; Restatement, Torts 2nd, sec. 445. It is our opinion that reasonable minds could differ as to whether Gann was negligent, and that the finding of the trial court that Gann was faced with a sudden emergency and acted with reasonable judgment therein is not clearly erroneous.

On the appeal of Cantrill Construction Company the judgments in favor of Gann, Brown Wood Preserving Company, and Hinkle are reversed with directions to enter judgment dismissing their claims. On the appeal of Hinkle the judgment denying him recovery against Gann and Brown Wood Preserving Company is affirmed.

All concur.