TAX EASE LEIN INVESTMENTS
1, LLC, Appellant,

v.

Markita BROWN and Laurel County,
Commonwealth of Kentucky,
Appellees.

No. 2009–CA–001662–MR.

Court of Appeals of Kentucky.

March 4, 2011.

Jeffrey C. Rager, Lexington, KY, for Appellant.

Ralph W. Hoskins, Corbin, KY, for Appellee Markita Brown.

No Brief for Laurel County.

Before ACREE, DIXON and STUMBO, Judges.

## OPINION AND ORDER

ACREE, Judge:

Tax Ease Lien Investments, LLC (Tax Ease) appeals two Laurel Circuit Court orders; the first order, denominated a "partial summary judgment," invalidated Tax Ease's lien as to Markita Brown's real property, and the second order denied Tax Ease's "Motion to Alter, Vacate, or Amend" the first. Both orders are interlocutory and this Court lacks jurisdiction to consider them. Therefore, we dismiss the appeal.

In 2002, before Brown acquired the subject real property, it was sold by a master commissioner following foreclosure. Brown's immediate predecessors-in-interest, the Karrs, purchased the property. Even though the order of sale required that "past due Laurel County real property taxes ... be paid from the proceeds[,]" the distribution order made no mention of such payment. In May 2004, the Karrs sold the property to Brown.

In the summer of 2007, Tax Ease purchased from Laurel County an assignment of the 2002 tax delinquency certificate on the property for $1,050.55. On August 16, 2007, Tax Ease recorded a tax lien notice with the county clerk.

Brown filed suit against Tax Ease listing four counts in her complaint, each alleging that Tax Ease wrongfully filed an illegal tax lien encumbering her real property. On each count, Brown demanded injunctive relief in the form of an order that the lien be released, and damages, costs, and attorney fees.

Tax Ease filed an answer asserting affirmative defenses and a third-party complaint against Laurel County, but did not assert a counterclaim against Brown to collect the $1,050.55 owed on the tax bill.

Once all issues were joined, Tax Ease and Brown filed competing motions for partial summary judgment. Both focused on the lien's validity. On March 17, 2009,[1] the court entered an order finding the lien invalid by applying *Cumberland Lumber Co. v. First and Farmers Bank of Somerset*, 838 S.W.2d 403 (Ky.App.1992) and ordered its release. There was no ruling on damages.

On March 27, citing Kentucky Rule of Civil Procedure (CR) 59.05, Tax Ease filed a "Motion to Alter, Vacate or Amend and to Stay Further Proceedings" asking the circuit court to add CR 54.02 finality language[2] to the March 17 order. On August

---

1. Unless otherwise noted, all dates are 2009.

2. CR 54.02 provides that a "court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final." This is the "finality language" Tax Ease wanted added to the March 17 order.

19, the circuit court denied the motion. Tax Ease then took its appeal from both the March 17 order and the August 19 order.

■ First, we note that this court is required to raise a jurisdictional issue on its own motion if the underlying order lacks finality. *Huff v. Wood–Mosaic Corp.*, 454 S.W.2d 705, 706 (Ky.1970). The orders from which this appeal is taken lack finality. However, the ins and outs of this case create a kind of procedural Gordian knot that we cannot simply hack through, but must unravel. A closer look at the case's procedure is therefore helpful. We start at the beginning.

Brown's complaint presents four statute-based claims.[3] Each relies on one of two statutes, Kentucky Revised Statute (KRS) 434.155 and KRS 382.365, and Tax Ease's violation thereof. Each is a tort claim with the duty measured by the statute. *Collins v. Hudson*, 48 S.W.3d 1, 4 (Ky.2001) ("KRS 446.070 ... creates liability by virtue of the breach of duty" established by any statute).

Brown's summary judgment motion sought a determination that Tax Ease was liable for breaching the statutes and, consequently, that the lien was invalid and should be released. However, she specifically wanted "[t]he remaining issues of the plaintiff's monetary claims ..., compensatory and punitive damages and attorney fees [to be] reserved for later determination." In other words, Brown was not seeking resolution of the entirety of any of her four claims.

■ Next we consider the relief granted by the circuit court in its March 17 order.

The court concluded the lien was invalid, implicitly finding Tax Ease liable for its breach of KRS 382.365. Still, the damages issue remained. Consequently, the circuit court ordered that "[t]he matter shall remain on the Court's active docket for further proceedings herein." Procedurally, this is significant.

Prior to our modern rules of procedure, in all cases, whether single-claim or " 'multiple claims actions, all the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them.' " *Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722, 725 (Ky. 2008) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). Rule 56 was created "to meet the need—demonstrated in multiple claims actions in which claims may be joined liberally—'for relaxing the restrictions upon what should be treated as a judicial unit for purposes of appellate jurisdiction.' " *Id.* at 725 (quoting *Sears*, 351 U.S. at 432–33, 76 S.Ct. 895).

However, the same "[s]ound judicial administration" deemed necessary to accommodate the modern liberality in the joinder of claims *"did not require* relaxation of the standard of finality in the disposition of the *individual* adjudicated claims for the purpose of their appealability." *Id.* (quoting *Sears*, 351 U.S. at 432, 76 S.Ct. 895) (emphasis supplied). Therefore, merely adding finality recitations from CR 54.02 will have no effect on an order that "did not finally fix the rights of any of the parties" as to even one claim. *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky.1975). Because "[f]ederal case law is instructive on the purpose of the rule[,]" *Watson*, 245

---

3. We do not address whether Brown, in fact, presented a *single* claim, which would make CR 54.02 unavailable to her. *See Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722, 727 (Ky.2008) (reviewing court defers to trial court's determination whether single or multiple claims are presented); *see also* 7 Ky. Prac. R. Civ. Proc. Ann. Rule 54.02 cmt. 5 (6th ed.2010).

S.W.3d at 725, we consider *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), which explains this principle.

In *Liberty Mutual,* the plaintiff moved for partial summary judgment only as to the issue of liability, and the motion was granted. On writ of certiorari, the United States Supreme Court said,

> The District Court and the Court of Appeals apparently took the view that because the District Court made the recital required by Fed.Rule Civ.Proc. 54(b) that final judgment be entered on the issue of liability, and that there was no just reason for delay, the orders thereby became appealable as a final decision pursuant to 28 U.S.C. § 1291.[4] We cannot agree with this application of the Rule and statute in question.
>
> . . . .
>
> [P]artial summary judgment[s] limited to the issue of petitioner's liability ... are by their terms interlocutory, *see* Fed.Rule Civ.Proc. 56(c), and where assessment of damages or awarding of other relief remains to be resolved have never been considered to be "final" . . . .

*Id.* at 742, 744, 96 S.Ct. 1202.

■ This has long been the rule in Kentucky as well. *Chittum v. Abell,* 485 S.W.2d 231, 237 (Ky.1972) ("judgment to the extent it adjudged [defendants] liable to [plaintiffs], reserving the determination of damages for a later trial, was not a final judgment, notwithstanding the trial court's CR 54.02 recitations, because it did not fully adjudicate the damage claim . . . ."). As the Court said in *Chittum,* "a determination that adjudicates only part of a claim cannot be made final." *Id.; see also* 7 Ky. Prac. R. Civ. Proc. Ann. Rule 56.03 cmt. 8, Rule 56.04 cmt. 3 (6th ed.2010); 7 Ky. Prac. R. Civ. Proc. Ann. Rule 54.02 cmt. 5 (6th ed.2010)("A judgment on liability reserving for later determination the issue of damages is not final and appealable even though it includes the Rule 54.02 recitations."); *see also* Clay, Kentucky Civil Rules, Practice and Procedure, Rule 56.03 cmt. 6, Rule 56.04 cmt. 3 (1954)(same; for historical perspective).

By definition, the March 17 order granting "partial summary judgment" *sub judice* was not a final and appealable judgment because it did not "adjudicat[e] all the rights of all the parties" and it was not "made final under Rule 54.02." CR 54.01 (defining "final or appealable judgment"). What is more significant, however, is that the order could not be made final by the CR 54.02 recitations; as in *Chittum* and *Liberty Mutual,* there was no resolution of the damages portion of any claim. Because the order failed to fully resolve the rights of the parties as to any claim, "leaving nothing else to be resolved between them" as to at least one claim, it could not be made final. *Diaz v. Barker,* 254 S.W.3d 835, 838 (Ky.App.2008). Therefore, even if finality recitations had been included in the March 17 order, it would have remained interlocutory and non-appealable.

Despite the inability to make the order final and appealable, Tax Ease filed a motion to amend it "to include language that 'this is a final and appealable order' so that Tax Ease may immediately appeal the order to the Court of Appeals." Ironically, the mechanism Tax Ease used to convert this interlocutory order to a final judgment, CR 59.05, is designed to achieve the

---

4. This federal statute states: "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the [various federal] district courts of the United States, ... except where a direct review may be had in the Supreme Court." This language is effectively the same as that contained in Ky. Const. § 111(2) and KRS 22A.020(1) granting appellate jurisdiction to the Kentucky Court of Appeals.

exact opposite effect—"the filing of a CR 59 motion converts a final judgment to an interlocutory judgment." *Embry v. Turner*, 185 S.W.3d 209, 212 (Ky.App.2006).

Such upside-down use of CR 59.05 is not unheard of, *see, e.g., Beasley v. Trontz*, 677 S.W.2d 891, 893 (Ky.App.1984), but a circuit court's authority for reconsidering an *interlocutory* order as opposed to a final judgment is not found in CR 59.05. As the federal courts note, "Rule 59(e) [from which CR 59.05 is derived] is ... applicable only to a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991); *see also Edmonds v. Rees*, No. 3:06–CV–P301–H, 2008 WL 3820432, *2 (W.D.Ky. Aug. 13, 2008) (citing *Fayetteville Investors*; "both Rule 59 and Rule 60 are only applicable to final orders or judgments").

A court's authority for reconsidering an interlocutory order is actually found under common law and in CR 54.02 which make such orders "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." CR 54.02; *see Bank of Danville v. Farmers Nat. Bank of Danville, Ky.*, 602 S.W.2d 160, 164 (Ky.1980) ("Order was interlocutory and subject to change by the trial court at any time prior to the final adjudication."). Consequently, federal courts deem motions to reconsider a partial summary judgment to have been brought under the federal counterpart to CR 54.02, no matter how the motion may be denominated. *See, e.g.,*

*Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959, 32 Employee Benefits Cas. 1449 (6th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated en banc on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994); *Fayetteville Investors*, 936 F.2d at 1470 (a Fourth Circuit opinion); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 fn. 1 (10th Cir. 1991).

▆▆▆ Orders entered pursuant to CR 54.02 that decline revision of an interlocutory order and orders denying CR 59.05 relief do, however, have a common attribute. Both are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations.[5]

▆▆▆ On August 19, the circuit court entered an order which, in pertinent part, reads as follows.

1. The Defendant's Motion to Alter, Vacate or Amend is DENIED; and

2. This Order is final and appealable and there is no just reason for delay in its entry and execution.

In paragraph 1, the circuit court plainly declined to add finality language to the March 17 order which, as we concluded *supra*, would not have affected its inherently interlocutory nature anyway. The finality language added in paragraph 2 likewise has no effect for the following reasons.

---

**5.** Orders granting or denying motions brought pursuant to CR 59.05 are non-final and non-appealable, *Mingey v. Cline Leasing Service, Inc.*, 707 S.W.2d 794, 796 (Ky.App. 1986), although grants of such motions may be reviewed for abuse of discretion once a new final judgment is entered. *See, e.g., Bowling v. Kentucky Dept. of Corrections*, 301 S.W.3d 478, 483–84 (Ky.2009). When, in a Notice of Appeal, a party erroneously designates an order denying CR 59.05 relief as the order from which the appeal is taken, this Court applies a substantial compliance analysis, *see Lassiter v. American Exp. Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky.2010), and, under circumstances void of prejudice, considers the appeal properly taken from the final judgment that was the subject of the CR 59.05 motion. *See, e.g., Felix v. Lykins Enterprises, Inc.*, —— S.W.3d ——, —— n. 4, 2010 WL 4137276 (Ky.App.2010).

First, even if the March 17 order had fully resolved at least one claim and, therefore, might have been made final if CR 54.02 recitations were included in it, "we do not conceive that the recitations required by the rule can be supplied extraneously[.]" *First Nat. Bank of Mayfield v. Gardner*, 330 S.W.2d 409, 411 (Ky.1959). If the finality recitations do not appear in the summary judgment itself, a subsequent order revising the summary judgment must specifically incorporate finality language in the judgment. *See Beasley*, 677 S.W.2d at 893 (subsequent order "determined the judgment of April 18th [the prior order] to be final and appealable"). Paragraph 2 of the August 19 order did not accomplish that.

Second, finality recitations can only affect *judgments*. CR 54.02 ("The *judgment* shall recite . . . ."). The August 19 order adjudicated no part of any claim at all; it is not a judgment. And like the March 17 order, the August 19 order obviously did not completely dispose of even a single one of Brown's claims; it therefore could not be certified by including the finality recitations of CR 54.02.

This Court does not have jurisdiction to review either the March 17 order or the August 19 order because both are interlocutory and incapable of being made final by including finality recitations from CR 54.02.

Accordingly, we dismiss this appeal.

ALL CONCUR.