RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0817-MR

CARL LEMONT HAZELWOOD                                            APPELLANT

|       | APPEAL FROM MARION CIRCUIT COURT |
|-------|----------------------------------|
| v.    | HONORABLE SAMUEL TODD SPALDING, JUDGE |
|       | ACTION NO. 19-CI-00287           |

SHAWNA EVETTE HAZELWOOD                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Carl Hazelwood, filed a notice of appeal of a Marion

Circuit Court Order granting Appellee's June 20, 2022 CR[1] 59.05 Motion to Alter,

Amend, or Vacate the circuit court's previous Order granting relief to Appellant

---

[1] Kentucky Rules of Civil Procedure.

pursuant to CR 60.02(f). Having review the record, we reverse and remand with further instructions.

We note at the outset of this appeal only Appellant filed a brief with this court; Appellee did not file a brief. Pursuant to CR 76.12(8)(c),[2] when an appellee fails to timely and properly submit a brief, this court has three options at its discretion: "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." CR 76.12(8)(c). Upon review of the record and Appellant's brief, pursuant to our discretion, we elect to treat the Appellant's statements of the fact and issues as correct, as follows.

The parties married on August 26, 2000. Nine years later, Appellee filed a divorce petition in the Marion Circuit Court. On February 9, 2011, the Marion Circuit Court dismissed that divorce petition because the parties reconciled. This divorce petition was the first of three Appellee would file against Appellant, two of which were dismissed because she alleged the parties reconciled. Appellant claims Appellee would habitually file divorce petitions with no intention of actually divorcing Appellant.

---

[2] Now Kentucky Rules of Appellate Procedure (RAP) 31(H)(3). Appellant filed his brief under the prior rule.

Appellee filed her last divorce petition on December 26, 2019. Thereafter, the court scheduled a final hearing on the petition, but Appellee requested, and the court granted a delay in these proceedings after she told the court the parties were again reconciling. On January 15, 2021, Appellee asked the court to schedule a final hearing.

Appellant did not appear at the hearing scheduled for February 8, 2021, and the only testimony the court heard was presented by Appellee. Relevant to this appeal, Appellee testified to the contents of their marital estate. The parties shared a home and based on Appellee's testimony, the circuit court determined the value of the residence was $105,000. Additionally, Appellee maintained a pension with her employer, and she testified that Appellant waived his rights to any part of her pension which was a part of the marital estate. The circuit court warned Appellee that if Appellant subsequently refuted Appellee's claims about his waiver, the court would grant Appellant his share of Appellee's pension.

On February 10, 2021, the circuit court issued its order dissolving the marriage and dividing the estate. The court awarded the marital residence to Appellee but gave half of the equity in the home to Appellant. Additionally, the

court gave all of Appellee's pension, which is allegedly valued around $251,000.00,[3] to Appellee.

A year later, on February 1, 2022, Appellee filed a motion to force Appellant to execute a quitclaim deed, transferring the marital home to Appellee and forcing Appellant to vacate the residence within 10 days. In response to this motion, Appellant made his first appearance in court.

On March 17, 2022, Appellant filed a CR 60.02(f) motion arguing extraordinary circumstances exist entitling Appellant relief from the circuit court's final divorce degree. Appellant brought two contentions. First, Appellant opposed the court's valuation of the marital home. Second, he argued he did not waive his rights to the portion of Appellee's pension belonging to the marital estate. Appellant cites Appellee's habitual filing and withdrawing divorce petitions to explain why he did not attend the hearing on the divorce petition. Additionally, since divorcing, the parties carried on as if nothing had changed. The parties still lived together, vacationed together, co-parented together, and continued sexual relations. The court held a hearing on Appellant's CR 60.02 motion, hearing the above stated evidence.

---

[3] It is unclear if Appellee entered evidence, other than her own testimony, detailing the value of her pension or if she merely stated the value of the pension was $251,000.00.

On June 8, 2022, the court partially granted Appellant's motion, awarding him half of Appellee's pension. On June 20, 2022, Appellee filed a motion to alter, amend, or vacate the June 8, 2022 Order, and the court granted that motion, finding Appellant's circumstances to not be extraordinary. The circuit court does not address in its June 20, 2022 Order why it changed its mind. This appeal now follows.

When reviewing a circuit court's ruling on a CR 60.02 motion, the proper standard of review is abuse of discretion. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009); *see White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000); *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Pursuant to CR 60.02: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief." CR 60.02(f).

Courts may only grant relief from a final judgment under CR 60.02(f) when an extraordinary circumstance exists, and that motion is made within a reasonable time. CR 60.02; *see Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "The burden of proof falls squarely on the movant to 'affirmatively

allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.'" *Stoker*, 289 S.W.3d at 596 (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)). However, "[w]hat constitutes a reason of extraordinary nature is left to judicial construction." *Commonwealth v. Spaulding*, 991 S.W.2d 651, 655 (Ky. 1999).

In *Snodgrass v. Snodgrass*, we articulated how courts are to go about this judicial construction:

> Judicial construction must incorporate consideration of three specific factors. The first is that relief under subsection (f) of CR 60.02 will not be available unless none of that rule's [other] specific provisions applies. After determining that CR 60.02(a)-(e) do not apply, courts must consider two more factors: (1) whether the moving party had a fair opportunity to present his claim at the trial on the merits, and (2) whether the granting of CR 60.02(f) relief would be inequitable to other parties.

*Snodgrass v. Snodgrass*, 297 S.W.3d 878, 884 (Ky. App. 2009) (internal quotation marks and citations omitted).

We begin by noting, on its face, none of CR 60.02's other provisions apply to Appellant's claims. CR 60.02(a)-(c) cannot apply because a year has lapsed since entry of the final divorce decree. *See* CR 60.02 ("The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment . . . ."). Additionally, the judgment is not void or otherwise satisfied, as would be require by CR 60.02(e). Appellant claims Appellee

-6-

committed fraud on the court, but Appellee's testimony about her pensions would amount to nothing more than perjury, if she knowingly made a false statement. CR 60.02(d) concerns fraud perpetuated upon the court but explicitly excludes perjury. *See* CR 60.02(d) ("fraud affecting the proceedings, other than perjury or falsified evidence[.]") There is nothing in the record to suggest Appellee perjured herself on the stand or knew her statements were false. Thus, because no other relief is available to Appellant, Appellant satisfies the first factor.

Turning to the next two factors, both weigh in favor of partially granting Appellant's CR 60.02 motion; the factors demonstrate an extraordinary circumstance exists concerning Appellee's award of her full pension, but an extraordinary circumstance does not exist concerning the value of the home. Appellant's presence during the hearing was not necessary for the court to determine the value of the home, thus, we can only conclude Appellant was fairly heard on this issue. The record does not reveal any abuse of discretion on this point. However, the same cannot be said about Appellee's pension; Appellant was not fairly heard on that issue.

The only testimony the court heard came from Appellee, and Appellee stated Appellant waived his rights to that portion of the marital estate. Unlike the valuation of the home, this is a legal conclusion. The court allowed Appellee to make this determination, thus abdicating its role here. However, the circuit court

admonished Appellee that if that was not the case – *i.e.*, if her legal determination was wrong – the court would reverse its decision and grant Appellant half of the pension. While it is true, Appellant could have appeared in court and challenged Appellee's claims (and mere failure to appear in court does not create an extraordinary circumstance), Appellee maintained a longstanding habit of filing disingenuous divorce decrees, a fact clearly borne out by the record. This divorce petition was another in a long line of petitions Appellee filed against Appellant.

During the time of this divorce petition, and even after their divorce, the parties continued to behave like a married couple and shared their lives together. They continued to raise their children together, to live together, and to share sexual relations with one another. The parties also held themselves out to be a couple: the parties attended weddings together and went on family vacations together. This case is not the typical case; we hope it remains an extraordinary case as divorces go. To deny Appellant a chance to present evidence on this issue under these extraordinary circumstances amounts to injustice Appellant suffered at the hands of Appellee's use or abuse of the justice system.

Further, and turning to the third factor, requiring division of Appellee's pension would not be inequitable to her. The pension is a part of the marital estate, and under Kentucky's statutory scheme, Appellant is entitled to his equitable share in the marital estate. The circuit court warned Appellee of this at

the final hearing; she was well aware the marital estate's portion of her pension would be subject to division, barring waiver of Appellant's rights to it. Accordingly, division of her pension should come as no surprise.

The circuit court's grant of relief to Appellant under CR 60.02(f) was a proper revisiting of the final divorce decree. It was therefore an abuse of discretion to grant Appellee CR 59 relief by ruling to the contrary and reinstating the February 10, 2021 decree. *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 n.5 (Ky. App. 2011) ("grants of [CR 59.05] motions may be reviewed for abuse of discretion once a new final judgment is entered").

Appellant is entitled to his equitable portion of Appellee's pension – whatever portion of that pension comprises a part of the marital estate. On remand, the circuit court shall determine: (1) what the actual value of Appellee's pension is, (2) what portion of that pension is a part of the marital estate, and (3) what are the marital shares apportioned to each party. Appellant is not, however, entitled to CR 60.02(f) relief concerning the court's valuation of the marital home; the circuit court did not abuse its discretion on this point.

For the aforementioned reasons, we reverse and remand this case to the Marion Circuit Court for further proceedings consistent with this Opinion.


ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

John A. Elder, IV
Lebanon, Kentucky